## SAFEWAY STORES, Inc., v. WHITEHEAD.

No. 30346. April 28, 1942.

*125 P. 2d 194.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, and Anglin & Stevenson, of Holdenville, for plaintiff in error.

Harold Skinner and Paul Ballinger, both of Holdenville, for defendant in error.

RILEY, J. This is an appeal from a judgment of the district court of Hughes county in favor of defendant in error, herein referred to as plaintiff, against plaintiff in error, herein referred to as defendant.

The action was brought by plaintiff to recover damages for personal injuries alleged to have been caused by her falling on the floor of a store owned and operated by defendant at Holdenville, Okla. The basis of plaintiff's claim was, as she alleged, negligence of defendant in having oil on the floor of its store building. The particular acts of negligence alleged were:

"That defendant carelessly and negligently used an excessive amount of oil on the floor of its building . . .; that defendant was careless and negligent in allowing an excessive amount of oil to remain on the floor."

The defense was a general denial. On appeal the defendant presents several propositions.

The first proposition is that the evidence is insufficient to show actionable negligence on the part of defendant.

Plaintiff testified that she went into the company's store about 9 o'clock Monday morning, accompanied by her daughter and son-in-law, for the purpose of purchasing groceries, and while walking along one of the aisles of the store her foot slipped and she fell to the floor breaking her hip; after she fell she noticed oil on her dress where it covered her hip. She testified at length concerning the pain she suffered. The nature and extent of plaintiff's injuries are not in controversy. Plaintiff's daughter was not at the place where plaintiff fell. The daughter was a witness for plaintiff and testified in substance that after they entered the store she separated from plaintiff and left her standing at the fruit counter; that she heard a noise and turned around and saw her mother lying on the floor; that she went to her assistance, and while there she noticed the condition of the floor where plaintiff fell; that "it was very oily there." She saw marks on the floor and said, "Yes, we could see

where her heels slipped in the oil. Where her right foot slipped it was a little longer mark, and the other was a short mark"; that plaintiff's dress was oily at the place where she went down on her hip.

Plaintiff's son, Jack Whitehead, testified that he went to the defendant's store in company with plaintiff's daughter within an hour after plaintiff had been taken to the hospital; that the place where plaintiff fell was pointed out to him and the floor at that place was "oily." His description of the marks on the floor was substantially the same as that of plaintiff's daughter. The same day he had a conversation with Mr. James Frazier, the manager of the store, in which Frazier told him he had oiled the floor on the Saturday night before and that they hadn't had time to go over the floor again.

The evidence of defendant was that it had oiled the floor on Saturday night before the injury; that the floor had about 2,400 square feet, and about two and one-half gallons of oil were used, which, according to calculations made, was about one ounce of oil to about seven and three/tenths square feet of floor space if evenly applied; that they used an ordinary floor mop to spread the oil; that they did not go over the floor with a mop after it was oiled; that no excess or surplus oil was noticed on the floor on Monday morning; that the oil used was manufactured and sold by a reputable company for use in oiling floors; that the oil was but little heavier than ordinary kerosene.

It is defendant's contention that the evidence is insufficient to go to a jury on the question of actionable negligence.

Defendant cites and relies upon J. C. Penney, Inc., v. Maude Robison, 128 Ohio St. 626, 193 N. E. 401, 100 A.L.R. 705, and other similar cases.

Plaintiff relies upon Walker v. S. H. Kress & Co., 147 Kan. 48, 75 P. 2d 820, and other similar cases.

The question is extensively annotated in 100 A. L. R., beginning at page 748.

In Ohio, in J. C. Penney, Inc., v. Robison, supra; North Carolina, Parker v. Great Atlantic & P. Tea Co., 201 N. C. 691, 161 S. E. 209; Rhode Island, Tenbrink v. F. W. Woolworth Co., 153 A. 245, and some other cases, the rule followed seems to be that evidence such as we have here, or a showing of a somewhat similar state of facts, establishes no actionable negligence, and there is no question of fact for the jury. In some of the cases the plaintiff was held guilty of contributory negligence as a matter of law.

In Kansas, Walker v. S. H. Kress & Co., supra, and Bury v. Woolworth Co., 129 Kan. 514, 283 P. 917, the rule is stated that where there is evidence that the floor had been freshly or heavily oiled and was slick, and customers wearing low heeled shoes while walking in ordinary manner slipped and fell and that there was a streak about two feet long on the floor, there is sufficient evidence to go to the jury.

Fifteen other states hold to a doctrine in line with the Kansas court. In some of the cases the evidence was more favorable to plaintiff than in Walker v. Kress & Co., supra.

The evidence in the instant case is slightly stronger in favor of the plaintiff than in the Ohio case of J. C. Penney v. Robison, supra.

All the courts agree that in such cases the relation of invitor and invitee exists, and that the storekeeper owes the customer the duty to exercise ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business, in a reasonably safe condition for use by the persons entering, and to warn them of dangerous conditions upon the premises which are known, or which reasonably should be known to him but not to them. But he is not an insurer of his customer's safety while upon his premises. 38 Am. Jur. p. 791.

The question of whether, in a given case, the storekeeper has been negligent

in respect to his duty is usually a question of fact for a jury.

The evidence in this case was sufficient to present the issue of defendant's negligence to the jury.

It is next contended that the court erred in refusing defendant's requested instruction No. 4. Therein the defendant requested the court to instruct:

". . . That a storekeeper must use ordinary care and prudence to render premises reasonably safe for persons lawfully coming upon the premises but this duty applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls and the like in that they are not known to the invitee and would not be observed by him in the exercise of ordinary care.

"The invitee assumes all normal or ordinary risks attended upon the use of the premises and the owner or occupant of the store is not liable for injuries to an invitee resulting from a condition which was obvious or should have been observed from the exercise of ordinary care."

In this case there was no issue of assumption of risk. That is an affirmative defense which, like contributory negligence, must be pleaded, and, if there is evidence to support the plea, be presented to the jury. Defendant's general denial did not present the defense of assumption of risk.

Defendant asserts that the instruction as offered is in the exact language used by this court in defining the obligation of an invitee in the case of the City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462. That is true, but in that case it is pointed out that it was the duty of the city of Tulsa to keep Spavinaw Lake in a reasonably safe condition for the benefit of all persons using it. It is also pointed out that the evidence established that the plaintiff's decedent was familiar with the facts and condition of the lake and that the danger to which he voluntarily exposed himself was obvious and known to him. Defendant contends that the condition and appearance of the floor was obvious to the plaintiff and her daughter when they entered the store. We do not agree. The evidence of the danger being so open and obvious to plaintiff was not sufficient to justify the instruction as requested.

It is next asserted that the court erred in refusing defendant's requested instruction No. 5, which if given would have told the jury that the oiling of a floor of a store is a necessary act to be performed in the usual course of business, and that the owner or occupant of the store is not liable by reason of oiling the floor unless done in a careless and negligent manner.

All that part of the instruction as offered, except that part which would have told the jury that "oiling of a floor of a store is a necessary act to be performed in the usual course of business," was proper, but we do not agree that oiling a floor of a store is a necessary act. We agree that the practice of oiling store floors is quite common and may promote sanitation as well as protect the floors from wear. But we do not subscribe to the contention that it is a universal practice or that it is necessary. J. C. Penney Co. v. Robison, supra.

Finally, it is contended that the court erred in refusing defendant's motion to declare a mistrial for alleged improper and prejudicial argument of counsel for plaintiff. Defendant complains of certain statements made by Mr. Skinner, counsel for plaintiff, in his opening argument to the jury, and also of statements made by Mr. Ballinger in the closing argument for plaintiff.

The entire closing argument of counsel for plaintiff is set out in the record. Careful consideration of the same will disclose no statement which was not legitimate argument under the evidence, with the exception of the first paragraph, wherein counsel for plaintiff made a rather cutting remark concerning the conduct of Mr. Hanson, counsel for defendant, to the effect that he (counsel for plaintiff) had never seen anyone more "butt-iny" than he (Mr. Hanson) and:

"... He comes down here and he represents the defendant all over the State of Oklahoma as their counsel and he is so self-satisfied that he doesn't even let Mr. Huser have any part in the hearing of this case. Just lets him sit over there for personal appearances, I guess, and he don't let him—"

These remarks appear to be uncalled for and should not have been made. Counsel should confine their argument to the evidence. Counsel on each side have the right to determine who shall conduct their side of a case and are not to be criticized for their discretion therefor. The language used did not in any way charge opposing counsel with improper motive and did not have the effect of accusing him of a purpose to perpetrate a fraud on the jury or on plaintiff. Some of the remarks made by counsel for plaintiff in the opening argument were more serious. Particularly that part of the argument whereby counsel sought to make comparison of the evidence in this case with what happened in connection with the unfortunate sinking of the U. S. submarine Squalis. Counsel for plaintiff stated: "You have all heard about the Squalis— as to what happened to it. Do you know what the authorities' best judgment is as to the cause of it? ... I will tell you what I think about it. ...." Objection was twice made to reference to the Squalis incident. The court overruled the objection, whereupon Mr. Skinner stated:

"They reconditioned that submarine after they raised it up to the surface and what happened was, some man didn't close some valve. I don't care how perfect the Safeway Stores has got it worked out, now and then somebody fails to do what they are supposed to do and somebody falls and gets hurt and sues and they are getting judgments for it all over the country."

Again counsel for defendant objected, and this time the court sustained the objection and on motion of defendant's counsel instructed the jury not to consider the statement so made, and to disregard it. All these statements were outside the record and improper; such argument can never be justified.

But again, considering the instruction given by the court to disregard the statement, the nature and extent of plaintiff's injuries as shown by the evidence, and the apparent moderate sum allowed therefor, we are unwilling to say that the jury did not follow the court's instructions to disregard the statements so as to say that defendant did not have a fair and impartial trial, or that the error was such as to call for a reversal. Affirmed.

CORN, V.C.J., and OSBORN, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C.J., and BAYLESS, J., dissent. GIBSON, J., absent.