OKLAHOMA NATURAL GAS CO. v. GLAZIER.

No. 30969. April 27, 1943.

Rehearing Denied May 25, 1943.

*137 P. 2d 584.*

I. J. Underwood, Paul Pinson, and O. L. Lupardus, all of Tulsa, for plaintiff in error.

Speakman & Speakman, of Sapulpa, for defendant in error.

RILEY, J. Defendant in error, herein referred to as plaintiff, obtained a judgment against plaintiff in error, herein referred to as defendant, for damages for personal injuries received by plaintiff in a fall on the floor of the office of defendant while there as a customer of defendant.

Plaintiff alleged that the floor upon which she fell was carelessly and negligently permitted to slope from the door at the entrance for a short distance, and that defendant had carelessly and negligently oiled, waxed, or placed upon the linoleum covering some substance which caused the same to be slippery, such as would cause a person walking over same, in the exercise of reasonable care, to slip and fall thereon.

The evidence sustains the allegations of the petition that the floor of the office sloped from the entrance about two and one-half inches in a distance of 35 inches; that the floor, including the incline, was covered with a substance resembling linoleum and had been waxed with a liquid wax and polished with an electric buffer about two weeks before plaintiff was injured; that on June 27, 1941, plaintiff went

into the office of defendant for the purpose of paying her account, and as she did so, slipped and fell on the floor and fractured a small bone of her left leg. There was also evidence that a number of persons had slipped and come near falling on the incline of the floor a short time before plaintiff received her injury.

The verdict was for plaintiff, and defendant appeals. The principal contention is that there was no evidence of primary negligence on the part of the defendant and that the court erred in in overruling defendant's demurrer to plaintiff's evidence and in denying a request for an instructed verdict in defendant's favor.

It is first asserted that there is no negligence under ordinary circumstances in the use of a smoothly waxed floor. Authorities cited in support of this are: Garland v. Furst Store, 93 N.J.L. 127, 107 Atl. 38, 5 A.L.R. 275; Abbott v. Club, 207 N.Y.S. 183; Wilson v. Werry (Tex. Civ. App.) 137 S.W. 390; Spickernagle v. Woolworth, 236 Pa. 496, 84 Atl. 909; Rothstein v. Monette, 17 N. Y. S. 2d 369; Dunham v. White, 203 Minn. 82, 279 N. W. 839; Frazier v. Mace-Ryer Co., 232 Mo. App. 811, 114 S. W. 2d 150; Brown v. Davenport Co., 134 Neb. 455, 279 N. W. 161; Lewis v. Dear, 120 N. J. L. 20, 198 Atl. 887; Ilgenfritz v. Missouri P. & L. Co., 340 Mo. 648, 101 S. W. 2d 723; Smith v. Union & New Haven Trust Co., 121 Conn. 369, 185 Atl. 81; 100 A. L. R. 748, Note; Walker v. Kress, 147 Kan. 48, 75 P. 2d 820; and Safeway Stores v. Whitehead, 190 Okla. 464, 125 P. 2d 194.

A number of these cases support the assertion, but some of them are not in point. The general rule is stated in 45 Corpus Juris, 866, as follows:

" . . . it is not negligence to oil a floor or to have an oiled floor . . . a floor need only be made reasonably safe. . . ."

See, also, J. C. Penney Company, Inc., v. Robison, 128 Ohio St. 626, 193 N.E. 401, 100 A.L.R. 705; Tenbrink v. F. W. Woolworth Co. (R. I.) 153 Atl. 245;

Parker v. Great Atlantic & Pacific Tea Co., 201 N. C. 691, 161 S. E. 209.

But to allow oil to accumulate in excessive quantities may constitute negligence. Torbert v. F. W. Woolworth Co., 59 S. D. 47, 238 N. W. 140; and Safeway Stores, Inc., v. Whitehead, supra.

It is contended that the slope or incline in the floor, such as is shown by the evidence in this case, is too slight to constitute negligence. A number of cases involving slopes or inclines in sidewalks, walkways, floors, etc., are cited in support of this, among which are Oklahoma City v. Cantrell, 181 Okla. 56, 72 P. 2d 381; City of Tulsa v. Frye, 165 Okla. 302, 25 P. 2d 1080, and similar cases. Only a few of the cases cited are applicable, since they involve the question of liability of cities for defects in the plans, specifications, etc., in the construction of public ways. As a general rule, the maintenance of waxed or oiled floors in stores, offices, etc., is not of itself negligence. Likewise, a slight slope or incline in the floor or walkway does not of itself constitute negligence. We are here dealing with a combination of the two conditions. Under such conditions it may be said a question of fact is presented for a jury's decision.

In Dalgleish v. Oppenheim, Collins Co., 302 Pa. 88, 152 Atl. 759, where there was evidence that the floor upon which plaintiff slipped and fell was sloping and slippery, and partly covered with rubber mats, the underside of which was smooth and covered, or partly covered, with a slippery substance, it was held that the question of whether or not the defendant had used ordinary care in the performance of the duty it owed to its customers was a question of fact for the jury.

In Dent v. Grimm, 72 N.Y.S. 471, it was held that where customers, in entering or leaving defendant's shop, were obliged to pass over an incline plane leading to the sidewalk, and a customer was injured from falling thereon when the incline was wet and greasy, and for a year or more it was maintained

in a greasy condition, the questions of defendant's negligence and such customer's contributory negligence were for the jury, and it was error to direct a nonsuit.

In Dolan v. Bry Block Mercantile Co., 23 Tenn. App. 47, 126 S. W. 2d 376, it was held that:

"Where evidence disclosed that there was an incline in store floor where customer fell of about 3½ inches for a distance of about 3 feet, that floor was covered by green linoleum, that column in building, when ceiling light was burning, cast a shadow across the slope, and that light socket near base of column was empty, direction of verdict for store at close of respective cases of customer and her husband suing for damages was error."

The particular combination of defects here involved was not present in the case, but therein liability was based upon associated defects.

To the same general effect is Mulloy v. Kay Jewelry Co., 289 Mass. 264, 194 N. E. 116; and Phillips Petroleum Corp. v. Childress, 78 F. 2d 861. In the latter case it was held:

"Whether injury to pedestrian falling on slippery, inclined board crosswalk over alley was result of negligence of lessee of premises adjoining alley, and whether pedestrian was free from contributory negligence, held for jury where testimony supported inference that lessee's heavy traffic over walk caused lessee to remove brick walk and substitute one of plank."

Under the foregoing authorities, there was no error in overruling the demurrer to plaintiff's evidence and refusing to direct a verdict for defendant.

Defendant makes the further contention that the court erred in permitting counsel to lead the plaintiff in an effort to establish certain material facts relative to the allegation of negligence. The record does not disclose that the evidence complained of was objected to on the ground that plaintiff's attorney was improperly leading the witness. The contention is without substantial merit.

It is next contended that the evidence wholly fails to connect the allegations of negligence with the actual occurrences leading up to the injury. Under this proposition it is contended that the evidence does not establish the fact that plaintiff actually slipped on the inclined part of the floor. In this connection the plaintiff testified on direct examination that she walked about 12 feet, had gone over the slanting condition of the floor, tried to catch her balance, and fell. On cross-examination she testified she was right along near the stoves when she got up, but she was not sure. There is evidence that there was a row of stoves on the floor beginning from five to ten feet from the door and extending a distance of about ten feet. On redirect examination, after a noon recess of the court, and after consultation with her attorney, plaintiff testified, in explanation of her former testimony, that she had intended to testify that it was about 12 feet from the door where she fell. Her testimony was:

"When I first came into the door I kinda—I felt my feet kinda slipping and when I went off the incline I kinda slipped and I taken about three steps before I kinda lost my balance again and when I did I went clear down."

The witness was subjected to a rigid cross-examination in view of an unsigned statment she is purported to have made on July 9, 1941, to a court reporter who accompanied an attorney for defendant to the house of plaintiff.

From such testimony and the other evidence considered as a whole, there is evidence from which the jury could reasonably infer that plaintiff, on entering the office, slipped on the inclined portion of the floor, resulting in a fall on the floor about 12 feet from the entrance.

There being no substantial error, the judgment is affirmed.

OSBORN, WELCH, HURST, and DAVISON, JJ., concur. BAYLESS, J., dissents. CORN, C. J., GIBSON, V. C. J., and ARNOLD, J., absent.