FERGUSON-BEESE, Inc., v. YOUNG.

No. 34270. Nov. 6, 1951.

Rehearing Denied Jan. 8, 1952.

240 P. 2d 780.

Butler & Rinehart, Oklahoma City, for plaintiff in error.

Dick Bell and Tom Biggers, Seminole, for defendant in error.

JOHNSON, J. The parties herein will be referred to as they appeared in the lower court.

This action was commenced in the superior court of Seminole county by Harvey Young. Jr., a minor, by and through Harvey Young, Sr., his father, for damages for personal injury.

Plaintiff's petition alleged, in substance, that the defendant negligently and carelessly permitted a quantity of explosives, including dynamite or percussion caps, to be stored in a vacant or abandoned garage at the rear of a house owned by the defendant in the city of Seminole; that numerous small children resided in the neighborhood of the garage and were accustomed to playing in, on and around the premises of the defendant, which fact was known,

580

or should have been known, by the defendant; that the plaintiff, who was a small boy of nine years, entered said garage, which was vacant or not being used for current operations, and found there dynamite caps which were accessible to the plaintiff; that the plaintiff, in childish play, applied a match to one of the dynamite caps, causing it to explode resulting in serious bodily injuries and damages to him in the sum of $20,000 and doctors', medical and hospital bills in the sum of $232.80; that being a child of tender years, he did not know the dangerous propensities of the caps or that he would be injured thereby.

After filing other pleadings (motions and demurrer which were overruled) defendant filed its answer, admitting its corporate existence under the laws of the State of Oklahoma and that its principal place of business was in Tulsa, Oklahoma; that it owned a lot as alleged by plaintiff; that it had stored in the garage certain of its merchandise and equipment; but states that on April 5, 1948 (the date of the alleged accidental injury) and prior thereto, it had the doors on said garage closed and padlocked; that the only manner of opening said door was by prying open a side of the door behind the padlock; that it used not only ordinary care but unusual care in the protection of its property therein; that such property was not open and visible to the public nor to the plaintiff; that if the plaintiff did break and enter the garage and obtain explosives he did so as a trespasser and defendant owed him no duty incident thereto; that if it was guilty of any negligence in the manner and method it used in maintaining its garage, which it specifically denies, that the voluntary and affirmative actions of the plaintiff were the proximate cause of the plaintiff's injury and damage, if any, and that it is not liable for such damages so sustained; that so far as it is concerned the accident and injury was unavoidable.

Upon these issues the cause was tried to a jury resulting in a verdict of $14,232.80 in favor of plaintiff. The trial court approved the verdict and rendered judgment accordingly and overruled defendant's motion for a new trial resulting in this appeal.

The defendant has grouped and argues its assignments of error under four propositions, the substance of which are: That defendant was not guilty of any act of omission or commission constituting actionable negligence; that plaintiff was not entitled to recover because he was a trespasser, and that the court erred in permitting the language contained in paragraph one of the instructions to go to the jury.

Whether or not the defendant is chargeable with negligence in this case depends upon the fact situation to be established by the proof of plaintiff.

The burden is upon the plaintiff in an action to recover damages for an injury caused by alleged negligence, to show the existence of negligence and that such negligence was the proximate cause of the injury. A. T. & S. F. Ry. Co. v. Howard, 186 Okla. 446, 98 P. 2d 914.

It is not disputed that the defendant kept dynamite or percussion caps in its garage; or that plaintiff was a child nine years of age and played around on defendant's premises with other children.

In storing these explosives the defendant was legally cognizant of the dangerous nature of the explosive percussion caps and the horrible effects of their misuse by children who had no understanding of the danger incident to handling such explosives; that these reasons have prompted the courts to throw a safeguard around children of tender years to protect them in their childish instincts; and one who keeps or uses explosives owes a duty to young children, who cannot be expected to know the danger, to exercise care commensurate with the danger to prevent injury to children who may have access to or come in contact with the

explosives, and, if the landowner is negligent in leaving or storing an exposive in such a place that it is accessible to children whose presence should have been anticipated, the child's trespass will not relieve such owner from liability. See 22 Am. Jur., Explosions and Explosives, §§18 and 19, and cases cited thereunder. Also, annotations 43 A.L.R. 437, 49 A.L.R. 161, and 100 A.L.R. 453.

In Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302, we held that it was willful and wanton negligence to place or store highly dangerous explosives, such as dynamite caps, in an open locker, in an open, vacant and unused building in close proximity to a residence where children of tender years reside when, by reason of surrounding circumstances and absence of other suitable place for the children to play, any person of ordinary intelligence would expect such children to enter such building and play.

Defendant attempts to distinguish the above-cited case from the case at bar by contending that the garage was padlocked and that the child (plaintiff) broke into and entered it and was thereby a trespasser to whom it owed no duty.

We do not agree.

The evidence shows that plaintiff entered the garage where the dynamite caps were stored without any forcible breaking and obtained the caps (explosives) from a paper sack which was nailed to the wall and easily accessible to the child's reach without the use of a ladder; that plaintiff took the caps outside of the garage and in playing with them caused the explosion, thereby inflicting the injuries for which damage is sought. The evidence showed that the premises of the defendant were in a residential section within the city limits of Seminole, Oklahoma, and that numerous small children were in the habit of playing on and around the premises of the defendant which included the defendant's garage. The evidence also discloses that the garage had sliding doors on it upon which was affixed a padlock; that the lock served as a hinge for one of the doors and that the end of the north door to the garage could be easily opened and was so opened by the child (plaintiff) to obtain the dynamite caps; and, where one, as here, stores explosives in a place on his premises, which he knows is accessible to and frequented by children, he does not exercise the care and reasonable caution commensurate with the danger, which he is bound as a social duty to exercise to prevent injury to children playing with or in the vicinity of such explosives. See A.L.R. Annotations, supra.

Complaint is made to the court's language used in outlining the plaintiff's pleadings. The court, paraphrasing the allegation of plaintiff's petition, said:

"That the keeping and the storing of the dynamite and caps was in violation of the ordinance No. 72 of the city of Seminole, Oklahoma, and that the violation of this ordinance was negligence per se on the part of the defendant, or its agent."

The plaintiff, not having offered any proof on this issue, moved to strike the allegation from his petition and the motion was sustained. Thereupon, the court deleted the reference to the city ordinance by X'ing out or marking X marks through the paragraph.

Defendant contends that even though the paragraph was marked out by the court by marking X marks through the paragraph, it did not cure the error; that the effect was the same as if it were an instruction; that it was left there where the jury could easily see it and be prejudiced thereby; that the language was highly prejudicial because there was no evidence in the record that the storing of dynamite caps was either by city ordinance or statute negligence per se.

This contention is without merit. This allegation was struck from the petition by the plaintiff's own motion. No proof

582

was offered on this issue. The court deleted the objectionable language from the summary of the pleadings. There is no indication that the jury was misled by this statement which obviously had been canceled or withdrawn.

The evidence sustains the verdict of the jury and the court's judgment based thereon; and there being no prejudicial errors of law and the court's instructions having fairly presented the issues involved, the judgment is affirmed.

ARNOLD C.J., and CORN, DAVISON, O'NEAL, and BINGAMAN, JJ., concur. HALLEY, V. C. J., and GIBSON, J., dissent.