Loren CHASE and Ruth Chase, Partners, d/b/a Adams Hotel, Plaintiffs in Error,

v.

Dee M. PARRY, Defendant in Error.

No. 36958.

Supreme Court of Oklahoma.

April 23, 1958.

Rehearing Denied May 20, 1958.

Application for Leave to File Second Petition for Rehearing Denied June 24, 1958.

D. F. Rainey, John Barksdale, Okmulgee, for plaintiffs in error.

Koch & Woodliff, Henryetta, Russell & Inglish, Okmulgee, for defendant in error.

DAVISON, Justice.

This cause of action arose out of an accident in which the defendant in error, plaintiff below, was injured on the premises of a coffee shop in the Adams Hotel in Okmulgee, Oklahoma, owned and operated by the plaintiffs in error, defendants below. Judgment was rendered in favor of the defendant in error based upon the verdict of the jury. Plaintiffs in error appeal. The parties are hereinafter referred to by their trial court designation.

The pertinent facts may be succinctly stated as follows: The plaintiff operated a business adjoining the defendants' coffee shop. On the evening in question she entered the coffee shop to purchase refreshments. After taking only three or four steps, her feet flew out from under her and she fell. The floor of the coffee shop had been cleaned and waxed by the porter after nine o'clock of the preceding evening. His instructions were to make the floor "spotless and slick and shiny each and every Friday night." The accident occurred about eight o'clock P.M. on Saturday. The plaintiff testified that she observed the floor was highly polished and that she walked across the floor as an average person would with this knowledge. She did not trip but hit a "slick spot" that caused her to fall. The floor seemed to be slicker than at anytime theretofore. The door through which the plaintiff entered the room was not the main entrance and few persons would have used this particular passageway that day except where it connected with the main passage near the center of the room. One of the defendants testified that as many as 75 persons would have walked across the place where the plaintiff fell but this estimate was based on her conclusion from plaintiff's testimony that plaintiff fell near the main passageway. It also appears that the desk clerk of the hotel had entered the coffee shop through the main entrance about three o'clock P.M. of this Saturday and that she slipped and would have fallen but was able to grab a support in time. Her testimony was that she did not trip but that her "right foot slipped out from under her." She was unable to state what caused her to slip.

There are many assignments of error in the petition in error but the defendants have elected to argue only three propositions.

■ After the first witness was called by the plaintiff, the defendants objected to the introduction of any evidence on the ground that the petition was insufficient to state a

cause of action. The order of the court overruling this objection is the first proposition argued as error. It is specifically asserted that no allegation of knowledge by the defendants of the dangerous condition was made in the petition. We are of the opinion that the petition was sufficient to meet this objection. The petition alleged that the defendants' employees had covered the floor with a floor dressing and that this had placed the floor in a "highly slick" condition. This was an allegation of fact. This allegation laid the negligent act directly at the defendants' doorstep and is to be distinguished from cases where some defect is shown to exist but its existence is not necessarily a result of an affirmative act of the defendants or their employees. A specific allegation of knowledge by the defendants of the existence of the condition was unnecessary, since the law imputes this knowledge to them from the facts alleged. Sanders v. MacFarlane's Candies, 119 Cal. App.2d 497, 259 P.2d 1010.

Defendant next contends that plaintiff is precluded from recovery by her opening statement and her testimony to the effect that she possessed knowledge of the condition which allegedly caused her fall. In support of contention plaintiffs cite and rely on the cases of St. Louis-San Francisco Ry. Co. v. Gilbert, 185 Okl. 591, 95 P.2d 123; City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462; and Long Construction Co. v. Fournier, 190 Okl. 361, 123 P.2d 689. These cases are all based on the theory that there is no liability for injuries, reasonably apparent, or as well known to the person injured as they are to the owner, and that the obligation disappears where it is shown that the injured person did in fact appreciate the peril.

The above cited cases are distinguishable in fact from the case at bar. In the present case the plaintiff did testify that she had been in the cafe on numerous occasions, but also testified that there had been a change of condition of the floor on the day involved herein, in that the floor was "just slicker, or at least when I hit that spot" and that the floor seemed slicker than at anytime she had been there previously and that "I just hit a slick spot." Such a condition was not an obvious danger, and although the plaintiff was generally familiar with the premises, the injury occurred upon her first entrance into the room and after walking only a few steps after the alleged negligent waxing of the floor by defendants' employees. Such facts make the cases above cited and relied on by the defendant inapplicable.

Finally, it is urged that no primary negligence was proven. A proprietor owes his customers a duty to exercise ordinary care to keep the passageways of his premises in a reasonably safe condition for their use and to warn them of any dangerous condition which is known to him or which reasonably should be known to him and unknown to them. Safeway Stores, Inc., v. Whitehead, 190 Okl. 464, 125 P.2d 194. Yet, he is not an insurer, and it is quite generally stated that it is not negligence to wax the floors of a business. Nevertheless, it may be negligence to wax the floors in such a fashion that they become dangerously slick, or to wax so haphazardly that dangerously slick spots are left as a trap for the unwary. Thogmartin v. Koppel, 145 Kan. 347, 65 P.2d 571. It has been stated that "The right of a proprietor of a place of business to wax a floor which the customers are expected to use is not one which upon any reasonable theory can be held to be superior to his duty to use ordinary prudence and caution to avoid injury to those who come to his premises by invitation * * * of course slipperiness is an elastic term. From the fact that a floor is slippery it does not necessarily result that it is dangerous to walk upon. It is the degree of slipperiness that determines whether the condition is reasonably safe. This is a question of fact." Nicola v. Pacific Gas & Electric Co., 50 Cal.App.2d 612, 123 P.2d 529, 530. For similar factual situations see Baker v. Manning's Inc., 122 Cal.App.2d 390, 265 P.2d 96; Cagle v. Bakersfield Medical Group, 110 Cal.App.2d 77, 241 P.2d 1013. The question of whether, in a given case, the proprietor has been negligent in respect to his duty to his customers is us-

ually a question of fact for the jury. Safeway Stores, Inc., v. Whiteheard, supra. Under the facts in this case the court did not commit error in overruling the demurrer to the evidence for there was evidence from which the jury could conclude that the floor was improperly waxed in a manner not reasonably safe for the defendants' invitees; that the plaintiff fell as a result of this unknown and unsafe condition; and, that she was injured therefrom.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and WILLIAMS and JACKSON, JJ., concur.