**SAFEWAY STORES, INC., a Maryland Corporation, Plaintiff in Error,**

v.

**Hazel McCOY, Defendant in Error.**

**No. 39837.**

Supreme Court of Oklahoma.

Sept. 18, 1962.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Covington & Gibbon, by Richard D. Gibbon, James E. Poe, Tulsa, for defendant in error.

JOHNSON, Justice.

The defendant in error, hereinafter referred to as plaintiff, filed suit for and recovered a judgment for personal injuries against the plaintiff in error, hereinafter referred to as defendant.

The facts, about which there is little or no dispute, are as follows:

Plaintiff's evidence shows that the store of defendant located in Tulsa, Oklahoma, faces in an easterly direction with a front door near the northeast corner of the store; that the defendant constructed and maintained a parking lot for its customers north of said store; that defendant had constructed a curb six or eight inches high between the parking lot and the entrance of said store. That on November 13, 1959, the plaintiff, a customer and invitee of defendant, was coming from defendant's store to her car in the parking lot carrying a large bag of groceries in her arms, which bag partially obstructed her vision; that she fell at the said curb above mentioned.

At the conclusion of plaintiff's evidence, a demurrer thereto was interposed, overruled and exception allowed, and at the conclusion of defendant's evidence, a motion of defendant for a directed verdict was overruled and exception allowed. The cause was then submitted to a jury, and a verdict was returned in favor of the plaintiff and judgment was rendered thereon. Defendant has perfected this appeal from the order overruling its motion for a new trial.

Defendant submits several propositions, but we deem it necessary to consider but one; namely, the overruling of the demurrer to the evidence and the overruling of defendant's motion for a directed verdict.

The undisputed evidence shows the following things: 1. The curb over which plaintiff fell was a permanent installation. 2. The curb was a plainly visible structure with no inherently dangerous characteristics. 3. The evidence of plaintiff shows that she had traded at this store "several years" and always went there by automobile. 4. There is no evidence in the record showing any change of condition in the parking lot.

The rule is well settled in this state that a storekeeper is not an insurer of the safety of its invitees. Safeway Stores, Inc. v. Whitehead, 190 Okl. 464, 125 P.2d 194. He need only exercise reasonable, ordinary or due care to keep his premises reasonably safe for their use. Champlin Hardware Co. v. Clevinger, 158 Okl. 10, 12 P.2d 683. In the case of Safeway Stores, Inc. v. Sanders, Okl., 372 P.2d 1021, the first syllabus by the court reads:

"It is the duty of a store owner to keep the premises reasonably safe for invitees. This duty applies to conditions which are in the nature of hidden dangers, traps, snares or pitfalls that are not known or observed by invitees."

In the case of City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462, the third paragraph of the syllabus by the court reads:

"The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no legal duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of ordinary care."

We think that this case is governed by the principles enunciated by this court in City of Drumright v. Moore, 197 Okl. 306, 170 P.2d 230. In that case, plaintiff fell over a wooden doorstop in the doorway. The court said:

" * * * Here the door stop was a part of the construction on the premises, open and visible, with none of the characteristics of a hidden danger.

The rule announced in City of Tulsa v. Harman, supra, applies here.

\* \* \* \* \* \*

"The evidence in the instant case, and especially the photographs admitted in evidence, clearly show that the door stop was an integral part of the building and not a defect therein, and that it was obvious and visible to any person passing through the doorway. \* \* \*

\* \* \* \* \* \*

"The mere fact that an injury occurs carries with it no presumption of negligence. Lowden v. Van Meter, 181 Okl. 210, 73 P.2d 424. The evidence of the plaintiff was wholly insufficient to establish negligence on the part of the City and the City's motion for a directed verdict should have been sustained.

"Reversed with instructions to dismiss."

We are confirmed in this view by the New Mexico case of Seal v. Safeway Stores, Inc., 48 N.M. 200, 147 P.2d 359, a very similar situation to the one at bar. We quote the following excerpts from the opinion:

"Counsel for plaintiff, if we correctly appraise their position, concede it to be a well established rule of law that it is not negligence to maintain, under appropriate circumstances, different levels in approaches to such places of business, or even within such stores; and they are correct in this assumption. The rule is very well established both as to change of elevations and use of stairways. See Watkins v. Piggly Wiggly Bird Co., 8 Cir., 31 F.2d 889; Boyle v. Preketes, 262 Mich. 629, 247 N.W. 763; Albachten v. Golden Rule, 135 Minn. 381, 160 N.W. 1012; Dickson v. Emporium Merc. Co., 193 Minn. 629, 259 N.W. 375; Haddon v. Snellenburg, 293 Pa. 333, 143 A. 8; Main v. Lehman, 294 Mo. 579, 243 S.W. 91; Matson v. Tip Top Groc. Co., 151 Fla. 247, 9 So.2d 366.

\* \* \* \* \* \*

"The drop in elevation of some 3 or 4 inches from the paved walk to the paved parking space, where plaintiff was walking at the time of the accident, cannot be said to present a hidden or concealed danger for any person using it in broad daylight especially, and keeping a reasonable watch as to where he is walking, and with no unreasonable distractions. Certainly plaintiff, upon entering or leaving a store of this character, and undertaking to walk through and upon the parking grounds, must take notice that such changes in elevations are not uncommon and are to be expected.

"Likewise she is not to be absolved from the exercise of reasonable watchfulness as to where she is placing her feet simply because she is carrying a large bundle of groceries which, would ordinarily, and without change of position of the bundle, or of her face, obscure her view of her feet."

In line with the above we are of the opinion and hold that there is no primary negligence on the part of defendant. As was said by the court in the above New Mexico case:

"If it could be said that negligence could be charged to defendant in the maintenance of this particular facility of ingress and egress, it would be difficult to imagine a case where different elevations about store entrances could be reasonably employed without incurring liability for negligence."

■ So here there was nothing inherently dangerous in the curb in question. It was a part of the construction of the premises, open and visible, with none of the characteristics of a hidden danger. The evidence shows that it had been crossed by customers over the years without incident. The identical situation exists whenever a car is parked at a curb in front of a place of business. Under the facts and circumstances in this case we cannot say that the construction of such a curb constitutes actionable negligence.

The trial court erred in overruling defendant's demurrer to the evidence and its motion for a directed verdict. The cause is reversed with directions to vacate the judgment entered and to dismiss the action.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.