SAFEWAY STORES, INC., a Corporation, Plaintiff in Error,

v.

Alma Jean CRINER, Defendant in Error.

No. 39943.

Supreme Court of Oklahoma.

April 9, 1963.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Finis Smith and Darven L. Brown, Tulsa, for defendant in error.

JOHNSON, Justice.

February 2, 1961, the defendant in error, Alma Jean Criner, hereinafter referred to

as plaintiff, filed her petition against the plaintiff in error, hereinafter referred to as defendant, in the Court of Common Pleas of Tulsa County, Oklahoma, in which she sought the recovery of damages for personal injuries alleged to be due to defendant's negligence. The petition stated in substance that on or about the 18th day of October, 1960, at approximately 9:30 a. m., plaintiff entered the store of defendant to do some shopping, said store being open for business at the time; that unknown to plaintiff the defendant had permitted and allowed the floor of said store to become wet and slick whereby plaintiff's feet slipped from under her, and she suffered a fall on said floor, which fall inflicted severe and painful injuries to her. That by reason of the negligence of the defendant in allowing a dangerous, hazardous condition to exist and failing to keep the floor of its store in a dry and safe condition for pedestrian travel and in failing to warn plaintiff that the floor was slick, wet and hazardous and that she should not attempt to walk thereon, and in failing to provide suitable carpets or mats for use by plaintiff in walking about in the store, plaintiff has been severely injured and damaged; that such negligence contributed to the accident and resulting injuries to her. Plaintiff further alleged that at the time she was exercising due care for her own safety.

The defendant for its answer to plaintiff's petition pleaded a general denial, contributory negligence and an unavoidable casualty.

Upon the issues thus joined, trial was had to a jury which resulted in a verdict for the plaintiff for $5,000.00. From an order overruling defendant's motion for new trial, defendant appeals and submits four propositions for reversal, to-wit:

"1. The Court erred in overruling defendant's renewed demurrer to the evidence and motion for a directed verdict at the close of the trial because the plaintiff failed to prove any negligence on the part of the defendant.

"2. The Court erred in refusing to give the defendant's Requested Instruction No. 2.

"3. The testimony of the witness Bob Lee should have been stricken and the jury admonished not to consider it because it was incompetent, irrelevant, immaterial and invaded the province of the jury.

"4. The Trial Court erred in refusing to give Defendant's Requested Instruction No. 1."

In the consideration of the first contention it is necessary to examine the evidence for plaintiff. On the issue of negligence, there were but two witnesses—the plaintiff and her husband.

The plaintiff testified that on October 18, 1960, it was a rainy morning; that she changed her shoes and was wearing squaw boots without heels—a type of Indian moccasin; that she, her husband and daughter drove to defendant's store to buy groceries and parked in the lot at about 9:40 a. m. She testified that her husband got out of the car first and went in the store while she was putting on a plastic rain bonnet; that in a minute or two she got out of the car and went in the store; that she pushed open the door using both hands and entered the store, and the next step after entering she fell. She testified further that the floor of the store was a hard surface vinyl tile, and that there were no mats or floor coverings. She stated that as she stepped in the door her left foot slipped in front of her and that she "sat down real hard," fell back and caught herself on her elbow to prevent falling flat on her back; that her right hip took most of the weight of her fall; that she was embarrassed and got up as soon as she fell. She stated that the floor was wet and damp, and that there was a little mud, and that you could see tracks on the wet place, and that she didn't notice it until she fell; that there were no puddles of water on the floor.

On cross-examination she stated that when she got to the door she went in; that she stepped and fell about the second step

after entering; that she did not observe the floor before going in the place; that she had been trading at the store for over two years and had traded there before when it was snowy, rainy, and in all kinds of weather, and that she had never had any difficulty before then; that she did not know how many people had been in the store that day, whether it was 2 or 22; that there were wet footprints all along the door—just damp wet tracks; that her husband, who immediately came in before her, could have left them; that her feet were a little damp when she came in; that her husband didn't see her fall.

J. D. Criner, the husband of plaintiff, testified that on the day his wife fell in the Safeway Store he was inside at the cigarette counter where he went to cash a check and get a carton of cigarettes, and didn't actually see her fall on the floor; that after she fell and it was called to his attention, he turned around and saw her getting up about two steps from the door, and that the floor where she fell was hard tile floor and had no mats on it or any coverings.

He further testified that there were a lot of wet tracks where she fell; that you could see tracks all around of people's feet where they walked in and left prints; he stated further that he saw no puddles on the floor, but that there was moisture. He testified that when he went in the store there was a light rain, and that it had been raining that morning and the previous night.

On cross-examination he testified that it was raining when he entered the store, and that he did not notice anything unusual about the store; that he and his wife would go to the store together every Tuesday night—every pay day. He further stated that he had occasion to look at the floor and there were some tracks that appeared to be dampness or a shoe print, and that that was all he saw, and that he had no idea how long the tracks had been there.

It will be noted from the foregoing evidence by the only witnesses for plaintiff as to the actual happening of the accident that there were no puddles of water on the floor, and that there was no evidence that actual notice of the condition had been given to the store employees prior to the accident. Neither was there any evidence that the damp condition had been there a sufficient length of time to give the store employees constructive notice of a dangerous condition.

■ The burden was upon the plaintiff to prove negligence of the defendant. Ferguson-Beese, Inc. v. Young, 205 Okl. 579, 240 P.2d 780; Atchison, T. & S. F. Ry. Co. v. Howard, 186 Okl. 446, 98 P.2d 914. And such a defendant is not an insurer. See Safeway Stores, Inc. v. Whitehead, 190 Okl. 464, 125 P.2d 194.

In the case of S. S. Kresge Co. v. Fader, 116 Ohio St. 718, 158 N.E. 174, 58 A.L.R. 132, the second paragraph of the syllabus reads:

"The fact that during a rainstorm some water has blown into the front of a store on account of the opening of the door to admit customers, and the incoming shoppers during such rainstorm carry in moisture on their clothing and feet and umbrellas, and thereby, and only thereby, cause the floor inside the door and near thereto to become damp and more slippery than is the dry floor in other parts of the store, will not give rise to a cause of action against the owner or lessee of the store in favor of a later incoming patron who slips or falls on such damp floor, and is injured by such fall."

In Miller v. Gimbel Bros., Inc., 262 N.Y. 107, 186 N.E. 410, the court said in the body of the opinion:

"The owner of a store must take reasonable care that his customers shall not be exposed to danger of injury through conditions in the store or at the entrance which he invites the public to use. He cannot prevent some water and mud being brought into an entranceway on a rainy day and he is

not responsible for injuries caused thereby unless it is shown that the construction of the store is inherently dangerous or that he failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions."

Again, in the case of F. W. Woolworth Co. v. Williams, 59 App.D.C. 347, 41 F.2d 970, the Court of Appeals said in the syllabus of such case:

"Customer slipping on floor of store had burden of proving store owner's negligence.

"That customer slipped on floor did not shift to store owner burden of establishing accident did not occur through owner's negligence, nor create presumption of negligence.

"Presumption is that store owner used reasonable care, as respects liability for injury to customer slipping on floor.

"Store owner is not insurer against accident to persons entering store for making purchases or otherwise.

"Unless it is established that customer slipped on store floor through negligence of store owner's employees, or because of condition of which owner had actual or constructive notice, there can be no recovery."

In the case of Dudley v. Montgomery Ward & Co., 64 Wyo. 357, 192 P.2d 617, the pertinent paragraphs of the syllabus read:

"Water, slush and mud, tracked in on floor of store because of weather conditions outside, do not ordinarily create actionable situation, though they render floor wet, dirty and slippery.

"Evidence that a store customer slipped on floor as result of combination of her wet shoes and slush and water tracked in by store's customers on snowy day was insufficient to take to jury question of store owner's negligence in failing to keep store entrance free of snow or excessive moisture.

"A store customer may not recover damages from store owner for injuries incurred through fall on store floor because of slippery foreign substance thereon without proof that such substance was put on floor by owner or had been on it for sufficient time after owner had actual or constructive knowledge thereof for owner to have removed it or warned customer in exercise of ordinary care."

While we have shown the weight of authority as expressed in other jurisdictions, we are not without precedent in Oklahoma, although from a Federal Court. In the case of Sears, Roebuck & Co. v. Johnson, 10 Cir., 91 F.2d 332, wherein the pertinent paragraphs of the syllabus read:

"A store owner was not an insurer of safety of customer who slipped on floor, but only owed duty to customer, as a business invitee, to exercise reasonable care to keep premises in reasonably safe and suitable condition so that when customer entered store upon invitation, she would not be necessarily or unreasonably exposed to danger.

"A customer who slipped on allegedly wet floor at top of poorly lighted stairway leading to basement in defendant's store had burden to establish defendant's negligence and to show that defendant did not perform its duty to exercise reasonable care to protect customer as an invitee from injury while in store.

"That customer may have slipped on floor in defendant's store did not shift to defendant burden of establishing that accident did not occur through its negligence, nor create presumption of negligence.

"The presumption is that store owner exercised reasonable care as respects liability for injury to customer who slipped on floor.

"A customer could not recover from store owner for injuries sustained in slipping on allegedly wet floor at top of poorly lighted stairway in absence of introducing sufficient evidence to make issue that customer slipped through negligence of owner's employees, or because of conditions of which owner had notice in time to remove cause by mopping or other reasonable means."

In the opinion we find this language:

"The fact that invitee may have slipped on the floor of the store did not shift to defendant burden of establishing that accident did not occur through its negligence, nor create presumption of negligence. The presumption is that defendant exercised reasonable care, as respects liability for injury to plaintiff on account of slipping on floor. Defendant was not an insurer against accidents to persons entering the store for making purchases or otherwise on invitation.

"Unless plaintiff introduced sufficient evidence to make an issue that plaintiff slipped on floor through negligence of defendant's employees, or because of condition of which defendant had actual or constructive notice, in time to remove the cause by mopping or by other means which was its duty to reasonably do, recovery cannot be here affirmed."

We think this case represents the law in this state.

The plaintiff relies upon the several cases following. Each of these may be distinguished from the case at bar.

In J. C. Penney Co. v. Campbell, Okl., 325 P.2d 1056, the oily substance on the floor and upon which plaintiff slipped had been put there by defendant's employees.

The same was true in Chase v. Parry, Okl., 326 P.2d 809.

In Safeway Stores v. Whitehead, 190 Okl. 464, 125 P.2d 194, the plaintiff fell because of oil placed on the floor by defendant's employees.

The case of Wentz v. Grimshaw, Okl., 271 P.2d 728, concerns a dangerous condition in the building itself which was known to the defendant and which defendant failed to safeguard, and has no bearing on the present situation.

The case of De Weese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, contains the following in the opinion:

"The evidence clearly shows that the defendant knew of the characteristic of terrazzo to become slippery when wet, * * *."

In Erickson v. Walgreen Drug Co., 120 Utah 31, 232 P.2d 210, 31 A.L.R.2d 177, the ground of liability asserted was that a terrazzo floor had become so worn that it was slick when wet. A verdict for plaintiff was reversed on other grounds, but the court announced the rule therein concerning the necessity of knowledge.

The remaining Oklahoma case relied upon, Oklahoma Natural Gas Co. v. Glazier, 192 Okl. 516, 137 P.2d 584, involved a fall by plaintiff on a linoleum which defendant had "carelessly and negligently oiled," etc.

So in all of these cases there was evidence of either actual or constructive notice of the condition. Such is not true in the case at bar.

We have carefully examined the evidence in this case and find nothing therein to bring plaintiff's cause within the established rules as herein set forth. Nowhere do we find actual or constructive notice to the store employees that a dangerous condition existed, if it did so exist.

The trial court erred in not sustaining defendant's demurrer to the evidence and its motion for a directed verdict.

Cause reversed with directions to vacate the judgment heretofore entered and to dismiss the case.

HALLEY, V. C. J., and WELCH, DAVISON, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WILLIAMS, J., dissent.