**J. J. NEWBERRY COMPANY, Inc., a corporation, and L. G. Burleson, Plaintiffs in Error,**

**v.**

**Violet M. LANCASTER, Defendant in Error.**

**No. 40196.**

Supreme Court of Oklahoma.

Feb. 4, 1964.

Rehearing Denied April 14, 1964.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Tulsa, for plaintiffs in error.

John G. Hervey, Oklahoma City, and Young, Young & Young, Sapulpa, for defendant in error.

BERRY, Justice.

This is an appeal from a judgment rendered against the defendants, in an action brought by plaintiff to recover damages for personal injuries allegedly sustained as the result of defendants' negligence. The factual background, necessary to understanding of the issues presented on appeal, is fairly reflected by the following summation of evidentiary matters.

The corporate defendant, a national chain retail concern, operated a store in Okmulgee, of which defendant Burleson was local manager at all times pertinent herein. Among other merchandise offered for sale in the establishment, the defendant maintained swinging, hinged racks along the north aisle of the department or counter where curtains and drapes were displayed for benefit of prospective purchasers.

The store office was located at the east side of the store, the window and counter facing west. Immediately in front of the office a counter ran east and west, whereon curtains and drapery materials were displayed. The aisle between counters was

three feet wide, the floor being covered with blue linoleum tile. Along the north side of the aisle defendant had installed hinged, swinging racks approximately seven feet above the floor, upon which curtains and draperies were hung for display about six and one half feet above the aisle floor. A gray, metal stool 12 inches high and 17 inches in diameter was standing in the aisle adjacent to the curtain display. A storage place had been provided for the stool on a shelf in front of the office window. The evidence is conflicting, but supports the conclusion the stool had been allowed to remain in the aisle longer than the day of the occurrence; that employees had not been instructed where the stools were to be kept, nor that the stools should be kept out of the aisles.

Plaintiff, a woman 50 years of age, in good health, regularly and gainfully employed, entered defendant's store about 1 p. m. on October 26, 1960, as a business invitee. After having lunch at the lunch counter, she proceeded to the office window to complete the purchase of merchandise previously placed in layaway. While awaiting delivery, plaintiff walked along the east-west counter shopping for kitchen curtains. Moving along the counter, and while looking up at the display racks, plaintiff stumbled over the metal stool standing in the aisle. Stools had been placed in defendants' store for benefit of employees, by direction of a state office. To avoid falling she instinctively caught the edge of the counter, thereby twisting her body and causing injury to her spine in the low back area. Defendant's manager had notice of the occurrence, and an offer of medical attention was made.

Following the accident, plaintiff attempted to continue her employment, but was unable to do so. Thereafter her injuries required that she submit to care and treatment of different doctors. Based upon examination, performance of medical procedures, treatment and evaluation, plaintiff's injuries were diagnosed as a ruptured spinal disc. Such an injury is painful and progressive, and resulted in loss of employment, inability to perform regular employment, and severe decrease in earning capacity.

Upon the basis of the physical surroundings and circumstances existing at the time of the accidental occurrence, plaintiff's petition charged defendants with negligence in: (1) placing the stool in the aisle and permitting same to remain in the passageway thereby creating a dangerous hazard; (2) in failing to keep the aisles clear; (3) in negligently placing signs six and one half feet above the floor thereby diverting customers' attention and thus increasing the hazard of the obstruction in the aisle; (4) permitting the stool to remain in the aisle partially hidden, without warning plaintiff of the dangerous condition; (5) failure to remove the stool and keep the aisle clear as was defendants' duty and obligation in exercise of reasonable care.

The foregoing charges of negligence were alleged to have been the direct and proximate cause of plaintiff's injuries, for which total damages of $84,000.00 were sought as compensation for loss of past and future wages, pain and suffering past and future, loss of bodily functions, and medical and hospital bills.

Defendants' demurrer to the petition was overruled. Separate answers of the named defendants were in form of general denials, and special defenses of unavoidable casualty, contributory negligence of plaintiff in failing to act as a reasonably prudent person for her own safety, and in failing to pay heed to her surroundings and remain alert under existing circumstances.

Plaintiff replied by general and special denial of the matters contained in defendants' answers.

The issues raised by the pleadings were tried at length to a jury. At the conclusion of the evidence, under instructions from the trial court as to which no error is asserted, the jury returned a verdict for plaintiff in the sum of $30,000.00 upon which judgment was entered. Motion for new

trial was overruled and defendants thereafter lodged this appeal. Certain errors, predicated upon the time and mode of perfecting the appeal, heretofore have been considered and will not be alluded to hereafter.

The assignments of error are combined for presentation under two propositions, first of which states:

"The duty to keep premises reasonably safe for invitees applies only to defects or conditions in the nature of hidden dangers, traps, snares, pitfalls, and the like: owner or occupant of premises is under no legal duty to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care. The Trial Court erred in overruling defendant's motion for a directed verdict at the close of the trial because there was a failure of proof of any negligent act on the part of the defendant."

Defendants' argument is that while plaintiff was walking through the store she stumbled over a stool in the aisle; that the stool was open and obvious and plaintiff admittedly was not watching where she was walking. Defendants then conclude the undisputed evidence established that the premises were in a reasonably safe condition and defendants breached no duty owed plaintiff as an invitee. The principal authority cited in behalf of such argument is City of Tulsa v. Harman, 148 Okl. 117, 299 P. 462. Recourse to this decision discloses that the proposition urged on appeal is drawn directly from the second and third syllabi of that case, or from the statement of rules of law at p. 468 of 299 P., which merely restate general rules set forth in 45 C.J. "Negligence", Sec. 244.

Three more recent decisions also are urged as authority for defendants' argument. In Skelton v. Sinclair Refg. Co. (Okl.), 375 P.2d 948, it was held that a wall heater in the rest room of a public place was obvious and reasonably apparent to the injured person, so that no liability attached to the owner of the premises for injury to one whose clothing caught fire.

In Safeway Stores, Inc. v. McCoy (Okl.), 376 P.2d 285, a business invitee, leaving the defendant's store carrying a bag of merchandise which obscured her vision, fell over a curb between the store and parking lot and was injured. Reversal of a judgment for damages was predicated upon the rule that an owner of premises is not liable for injury resulting from danger which was obvious, or should have been observed in exercise of ordinary care.

In Safeway Stores, Inc. v. Sanders (Okl.), 372 P.2d 1021, the plaintiff recovered judgment for damages for personal injuries allegedly incurred as the result of catching her foot in a lawn chair displayed in the aisle of defendant's store. The physical facts were that the chair, approximately 24 inches wide, was displayed in an aisle 80 inches wide. In reversing a jury verdict for plaintiff, the rule in City of Tulsa v. Harman, supra, and other cases enunciating the same principles, was restated in support of the holding that there was no hidden danger and the whole situation was obvious to the invitee; and, that as a matter of law, there was nothing inherently dangerous in the chair's being displayed in plain sight and adjacent to ample aisle space.

However, it is noted that in each of the above cited cases a physical circumstance existed which provides an important and distinguishing feature sufficient to bring the case within the general rule of non-liability to invitees for obvious dangers. In the Sanders case, supra, the chairs were plainly visible and not inherently dangerous, and were so displayed as to leave more than ample aisle space. In the Skelton case, supra, the heater was a common type, visible to all, and such an instrumentality that common knowledge of all humanity recognized the inherent physical danger which accompanied its presence. In the McCoy case, supra, the pertinent physical circumstance appeared in the partial obstruction

of plaintiff's vision by her own act. These decisions are recent expressions reiterating the rule contended for, and as expressed in earlier decisions cited and quoted by defendants which are not separately reviewed herein.

We are of the opinion the instant appeal presents distinguishing features which take the case outside the rule urged by defendants, and requires determination of the case by application of principles enunciated in another recent decision hereafter cited. Defendants assert the evidence discloses the following undisputed facts: plaintiff's presence in the store; presence of a stool in the aisle which was observable by exercise of ordinary care; plaintiff was not watching what she was doing; that she struck the stool and stumbled. These, together with other matters not germane herein, provide the basis for defendants' argument that the undisputed facts establish as a matter of law that the premises were in a safe condition for use of invitees and there was no breach of any duty owed plaintiff.

We believe, of necessity, that proper disposition of the matter must encompass consideration of other physical features, presence of which is not recognized by defendants although likewise uncontradicted. Plaintiff was rightfully in the aisle examining merchandise; defendants' employees had been instructed to keep aisles clear as possible, and to keep accident-free aisles; there were fixed locations where stools were to be kept; they were to be kept readily available for use, but the employees had not been instructed to keep these stools out of the aisles; defendants knew that some prospective customers would be of limited vision, or have physical limitations; the signs were placed at a high level so people would look up at the merchandise display, and to avoid the possibility of bumping customers' heads; it was necessary for people to look up and reach up to examine the merchandise.

■ In many instances we have applied the rule announced in such cases as Safeway Stores, Inc. v. Whitehead, 190 Okl. 464, 125 P.2d 194, to the effect that, although a storekeeper is not an insurer, the question whether, in any given case, a storekeeper has been negligent in his duty to warn of conditions, which are known or reasonably should have been known, ordinarily is a question to be decided by the trier of the facts.

■ Again, in M. & P. Stores, Inc. v. Taylor (Okl.), 326 P.2d 804, we held that a storekeeper is not an insurer, but is required to keep the aisles and portions used by the customers in a reasonably safe condition for such use. And, that business invitees have a right to assume that it is safe to walk in aisles near the counters for the purpose of selecting intended purchases.

And, in Pratt, etc. v. Womack (Okl.), 359 P.2d 223, the rule in the Taylor case, supra, was the basis of our decision affirming a judgment for plaintiff for injuries received from being struck by falling merchandise which had been stacked improperly.

No necessity arises for extended citation and discussion of our prior decisions upon the question. Analysis and comparison of decisions such as those mentioned above establishes that, rather than being in conflict as to reasoning and result, the cases are consistent and easily reconciled. The cases denying liability of the storekeeper all disclose the presence of a physical fact or circumstance not occasioned by, or within the possible control of the storekeeper or owner of the premises, i.e. the act of the injured plaintiff in partially obscuring her own view as in the McCoy case, supra. Those cases wherein liability has been held to attach recognize the presence of some physical fact or circumstance occasioned by an act or omission of the storekeeper which, although obvious and not dangerous within itself, forms an integral part of an eventuality out of which injury arose.

■ This case presents an instance falling within the latter category. The stool alone

was obvious and not dangerous. A stool in a narrow aisle which left barely half the aisle for use by customers narrowed the physical situation as concerned the defendants' duty to invitee. The presence of the stool, an impediment neither customarily nor ordinarily expected to be found in a store aisle, at a point where any invitee examining merchandise had to walk looking upward without opportunity to observe the aisle ahead presents an entirely different situation. The complexion of the overall physical situation changes when an object which is obvious and not dangerous of itself, becomes a part of a potentially dangerous physical surrounding because joined with other circumstances created by acts or omissions of the storekeeper. The case of Wills v. J. J. Newberry Co. et al, 43 Cal.App.2d 595, 111 P.2d 346, cited by plaintiff recognizes, in principle, the matters above mentioned.

The matters disclosed herein are sufficient to make the issue determinable under the rule announced in syllabus 1 of Pratt, etc. v. Womack, supra, which states:

> "Although a storekeeper is not an insurer of the safety of his customer while in the store, he does owe the customer the duty of maintaining the premises, such as the aisles and other portions thereof usually used by the customer, in a reasonably safe condition for such use, and the duty to warn such customer of any dangerous conditions existing in the areas so used, the customer having the right to assume that it is safe to walk in the aisles near the counters for the purpose of making a selection of that which he or she intends to buy."

The substance of the quoted rule was announced in syllabus 2 of J. C. Penney Co. v. Campbell (Okl.), 325 P.2d 1056, which syllabus also states that the question whether, in a given case, a storekeeper has been guilty of negligence in respect to a duty is a question of fact for determination of a jury.

And syllabus 2 in Pratt, etc. v. Womack, supra, states the following rule:

> "In a civil action for damages for personal injuries, all the plaintiff is required to do in order to establish a case is to make it appear more probable that the injury resulted in whole or in part from the defendant's negligence than from any other cause, which fact may be established by circumstantial evidence and the reasonable inferences that may be drawn therefrom."

We are of the opinion that the evidence was sufficient to require the jury's determination as to whether plaintiff's injury resulted in whole or in part from defendants' negligence. There being competent evidence to support the jury's finding, the verdict and judgment are not to be disturbed on appeal.

The second proposition urged as grounds for reversal is the claim that the verdict was grossly excessive, and resulted from prejudicial errors, misconduct of plaintiff's counsel, and unrealistic methods of computing damages.

As concerns the alleged excessiveness of the verdict by the jury, it is sufficient to point out that the amount of the verdict was less than the amount plaintiff could have earned at her occupation for the period of her life expectancy. And, this is without consideration of the remaining items of damages claimed for past and future medical expenses, pain and suffering and disability. The testimony bearing upon the extent of plaintiff's injuries was conflicting. The weight of the medical testimony was for the jury to determine, though based upon their own convictions and although contrary to the expert's-opinion evidence. See Gulf Oil Corp. v. Hughes, (Okl.), 371 P.2d 81.

With respect to the claim of prejudicial error based upon alleged misconduct of plaintiff's counsel in trial of the case, we are unable to ascertain any precise instance of misconduct sufficient to sustain such argument. Although acknowl-

-edging that certain portions of the trial perhaps were not conducted with the attention to courtroom demeanor customarily observed, it is believed such occurrences may be considered as improprieties of form rather than of substance affecting the outcome of the trial. No specific instances of misconduct are called to our attention. We necessarily must decline to interfere with the verdict and judgment upon the basis of a general charge.

Judgment affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, and JACKSON, JJ., concur.

HALLEY, V. C. J., dissents.

HALLEY, Vice Chief Justice (dissenting).

I dissent in this case for the reason that I think that the judgment is excessive and by its very size in the face of the evidence, shows bias and prejudice on the part of the jury.