SCOTT, APPELLANT, *v.* ALLIED STORES OF OHIO, INC., APPELLEE.

(No. 4352—Decided April 15, 1953.)

*Messrs. Kimber & Huffman,* for appellant.
*Messrs. Wise, Roetzel, Maxon, Kelly & Andress,* for appellee.

HUNSICKER, J. On Saturday, September 16, 1950, the appellant, Mrs. Gertrude Scott, entered the store of the appellee, known and referred to herein as "Polsky's," for the purpose of purchasing certain articles of merchandise. As Mrs. Scott was in the act of examining some merchandise, she alleged she was suddenly, and, without warning, struck and knocked against a jewelry counter, and then to the floor, causing her serious injuries.

On the day when the claimed injury to Mrs. Scott occurred, a Polsky store detective saw a man engaged in what is known as "shoplifting." When the shoplifter left the Polsky store, the detective and another store employee went outside and asked the shoplifter to return to the store. While the detective and the employee were in the act of escorting the shoplifter, whose name was Hargrove, to the office of the store manager, Hargrove broke away from them and attempted to escape by running toward a door leading to the outside.

When Hargrove started to run for a store exit, the employee, who was with the detective, and another employee, began pursuit. A customer (a Mr. Buck), seeing Hargrove running toward an exit, pursued by one whom he knew to be a store employee, ran through an aisle, and, by blocking or tackling Hargrove, caused him to fall to the floor. This blocking occurred at a place in the aisle near the glove counter and several feet from the jewelry counter where Mrs. Scott was standing.

Mrs. Scott said she did not know what or who struck her. There is a serious conflict in the testimony as to whether she actually was struck by anyone. There is no evidence to show that any employee of the store helped cause Hargrove to fall, or that any store employee bumped or struck Mrs. Scott.

Mrs. Scott says that Polsky's, through its employees, was negligent: in bringing Hargrove into the store after he had left with the goods he had shoplifted; in permitting Hargrove to break away; in chasing Hargrove after his escape; and in "chasing, grabbing and combating" with Hargrove within the aisles of the "store where plaintiff was then standing * * * and while said store and the aisles in said store were occupied with patrons and shoppers, including the plaintiff herein."

A jury in the trial court returned a verdict for the defendant; and, from the judgment rendered thereon, Mrs. Scott appeals to this court, saying:

"1. The verdict of the jury is contrary to the evidence and manifestly against the weight of the evidence.

"2. The verdict of the jury is contrary to law.

"3. The court erred in refusing to give plaintiff's written request to charge before argument No. IV.

"4. The court erred in refusing to give plaintiff's written request to charge before argument No. V.

"5. The court erred in its general charge on questions of law raised by the pleadings and by the evidence.

"6. Other errors manifest upon the face of the record."

This court cannot arrive at a unanimous conclusion that the verdict of the jury is manifestly against the weight of the evidence. There is evidence to indicate that Mrs. Scott was not bumped, pushed or struck by anyone, and that she suffered no physical injury. The jury, with all of the conflicting testimony properly before it, could very easily have adopted the view that Mrs. Scott suffered from a weak heart, and, as a result of the excitement of the struggle, which took place a few feet from her, became ill.

The appellant, Mrs. Scott, says that the trial court erred to her prejudice when it refused to give the jury two special requests before argument. These requests were as follows:

"IV. The mere fact that the intervention of a responsible human being can be traced between the defendant's alleged wrongful act and the injury complained of does not absolve him upon the ground of lack of proximate cause, if the injury ensued in the ordinary course of events and if the intervening cause was set in motion by the defendant, or could be set in motion by him.

"V. I charge you also that where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole."

An examination of the facts of the instant and similar cases will determine the right of the trial court to refuse to charge on the question thus presented. We do not need to analyze each charge with respect to its legal sufficiency.

There are not many cases in which a similar factual situation has arisen. There is, however, a collation of cases in 20 A. L. R. (2d), 8, wherein the liability of a proprietor for injury to a customer or patron caused by pushing, crowding and striking by other patrons is discussed.

This court heretofore, in the case of *Campbell* v. *Hughes Provision Co.,* 87 Ohio App., 151, 94 N. E. (2d), 273 (affirmed, 153 Ohio St., 9, 90 N. E. (2d), 694),

quoted, with approval, American Jurisprudence as follows:

"1. It is said in 38 American Jurisprudence, Negligence, Section 131:

" 'The proprietor of a store, shop, or other place of business kept open for public patronage is not under an insurer's liability as to the safety of persons who come thereon, but he does owe to customers who enter the premises, while the establishment is open for business, the duty of exercising ordinary care to keep the aisles, passageways, and such other parts of the premises as are ordinarily used by customers in transacting business in a reasonably safe condition for use by the persons thus entering, and to warn them of dangerous conditions upon the premises which are known, or which reasonably should be known, to him but not to them. This duty exists by reason of the fact that the customers enter the premises by the invitation, at least by the implied invitation, of the proprietor.'

"And to the same effect are: 29 Ohio Jurisprudence, Negligence, Section 61; *Cincinnati Base Ball Club Co. v. Eno*, 112 Ohio St., 175, 147 N. E., 86; *Lake Brady Co. v. Krutel, Admx.*, 123 Ohio St., 570, 176 N. E., 226; *Englehardt v. Phillips*, 136 Ohio St., 23, 73 N. E. (2d), 829."

The appellee herein, Polsky's, can only be held liable to Mrs. Scott if it was negligent in some respect and such negligence was the proximate cause of the injuries Mrs. Scott sustained. Those issues were questions of fact, to be determined by the jury from a consideration of all of the evidence.

Some of the reported cases outside of Ohio, where the question of customer-store owner relationship has been discussed, place liability upon the proprietor,

where he adopts a method of dispensing scarce items in such manner that a reasonably probable and foreseeable consequence would be injury to a customer, such as in *Smith* v. *Kroger Grocery & Baking Co.,* 339 Ill. App., 501, 90 N. E. (2d), 500, 20 A. L. R. (2d), 1.

There are many reported cases dealing with the store owner's liability wherein a customer injures another patron of the store by unexpectedly pushing a swinging or revolving door. *Campbell* v. *Hughes Provision Co., supra.* The general rule, with a number of cited cases, in such a situation is set out in Section 15 of the annotation in 20 A. L. R. (2d), *supra,* as follows:

"It has been stated as a general rule that when an injury occurring on the proprietor's premises is the result of the negligence of a customer or customers, no liability attaches to the proprietor unless the circumstances are such that liability can be predicated on the theory of the existence of a dangerous condition known to or foreseeable by him which he failed to take reasonable precautions to alleviate."

In 38 American Jurisprudence, Negligence, Section 103, the general rule is set out that the proprietor of a store is not liable for injuries caused by a third person acting independently of such store owner.

A proprietor of a place of business is not an insurer of an invitee against personal injuries inflicted by other persons on the premises. The store owner is liable for his own negligence, but he is not liable for wrongful or negligent acts of third persons not under his control, which he could not reasonably have anticipated and guarded against. 29 Ohio Jurisprudence, Negligence, Section 130, and authorities cited; annotation under "4. Act of third person," at p. 717 of 100 A. L. R., 710.

Even though we assume that Polsky's employees were negligent in returning Hargrove to the store, and in chasing him down the aisles after he had escaped from them, yet, there is no evidence to show that Mr. Buck, the customer who blocked Hargrove, was acting for Polsky's. There is no evidence to show that, when Silverman and Tate, the two Polsky employees who were pursuing Hargrove, arrived at the place where Mr. Buck had stopped the shoplifter, a struggle ensued, as a result of which struggle Mrs. Scott was injured. What Mr. Buck did was the act of a customer wholly independent of any authority from, or connection with, the Polsky store. Such conduct on the part of Mr. Buck could not reasonably have been foreseen by the store owner.

In the situation presented by the record herein, the rule of nonliability of a storekeeper for the act of the customer over whom the store owner has no control, must be applied.

We have examined cases from other jurisdictions, involving the question of responsibility of a proprietor where a customer is injured by reason of some act committed by another customer. The rule is stated in *Noonan* v. *Sheridan* (1929), 230 Ky., 162, 18 S. W. (2d), 976, where the court said, at p. 164:

"It is the general rule that an independent act of negligence by a third party is an occurrence which the defendant is not as a general rule bound to anticipate, and especially is this so where the independent act is the willful act of the third party."

In *Waugh* v. *Great Atlantic & Pacific Tea Co.*, 317 Mass., 230, 56 N. E. (2d), 465, the court, in a case where canned goods fell from the arm of a customer upon the foot of another customer, said:

"The plaintiff was injured not by any negligence of

the defendant, but by the act of a third person which the defendant could not reasonably be expected to anticipate and guard against.''

And in a case with a factual situation similar to the instant case—*Knight* v. *Powers Dry Goods Co.*, 225 Minn., 280, 30 N. W. (2d), 536—the court found that the store owner was not guilty of negligence where a shoplifter, while being escorted to the manager's office, broke away from the store employees who had apprehended him and ran down an aisle in an attempt to escape, and in doing so struck and injured a patron of the store.

In the case of *Hughes* v. *Coniglio,* 147 Neb., 829, 25 N. W. (2d), 405, a restaurant owner was held not liable for injuries sustained by a patron who was injured when two other patrons started a fight in the defendant's restaurant.

In the case of *Herbold* v. *F. W. Woolworth Co.,* 261 N. Y., 567, 185 N. E., 741, where a customer was knocked down by store employees engaged in a struggle with a shoplifter, the proprietor was held liable. Although no more than a memorandum opinion was written in that case, the apparent reason for holding the owner liable was that the injury was the direct result of the conduct of the employees.

In the instant case, there was no relationship between Mr. Buck, who apprehended Hargrove, and Polsky. He was not acting concurrently or jointly with the store owner. His act was separate, independent and unrelated. Polsky, in the situation presented herein, should not be expected to anticipate the unusual or abnormal conduct of said customer.

Hargrove returned to the store peaceably and willingly at the request of the store detective. There was no indication prior to his break for freedom that he

would commit any unusual act. The facts do not disclose that Polsky's was guilty of any negligence in the manner in which its employees conducted themselves in the situation which confronted them. *Knight* v. *Powers Dry Goods Co., supra.*

The trial court did not commit prejudicial error when it refused to give to the jury the special requests IV and V. These requests had no application to the instant case.

We have examined all the errors assigned by the appellant, Mrs. Scott, and find none prejudicial. The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.