**Edd ADAMS and Dorothy Adams, Husband and Wife, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**Civ. No. 5436.**

United States District Court
E. D. Oklahoma.

March 19, 1965.

Arnold B. Britton, James E. Grigsby, Oklahoma City, Okl., for plaintiffs.

E. C. Nelson, Asst. U. S. Atty., Muskogee, Okl., for United States.

DAUGHERTY, District Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The plaintiffs are husband and wife and the parents of Sherrie Adams, who died as the result of a personal injury received while swimming or wading in Platt National Park near Sulphur, Oklahoma. This Park is owned and controlled by the United States of America, pursuant to 16 U.S.Code §§ 151, 152 and 153.

On July 12, 1963, the decedent, ten years of age, was visiting friends camped at Platt National Park with her mother. She and other children were swimming, wading and playing in a pool of water situated on Rock Creek which flows through the Platt National Park. Someone had affixed a rope to a limb over-

hanging the pool of water. A small boy swinging on the rope swung out over the pool of water in which the decedent was located and struck her on the head. The decedent suffered a traumatic cerebral hemorrhage as a result of this collision, from which she died in a hospital the following day. Her mother was not at the pool at the time of the collision but was at a nearby camp site.

Plaintiffs claim that their daughter was an invitee of the Government to Platt National Park and at the location where she sustained the injury involved herein. Further that the defendant as the proprietor of Platt National Park through its employees in charge of the Park owed its invitees the duty to exercise ordinary care to keep the premises in reasonably safe condition and to warn its invitees of dangers existing on the premises. Plaintiffs further allege that numerous children continuously used the pool of water above mentioned during the summer months for bathing, swimming and wading and that the defendant knew the same or in the exercise of ordinary care should have known of such continuous use. Further that the agents, servants and employees of the defendant in charge of said Park were guilty of negligence in permitting the rope swing to be suspended from the limb overhanging said pool of water and in allowing children to swing thereon and over said pool of water while other children were using the same for bathing, swimming and wading; that such rope swing so situated was a dangerous condition or instrumentality under the circumstances and created a hazardous condition for those using said pool of water as aforesaid; that the said agents, servants and employees of the defendant in charge of said Park either knew of the existence of said rope swing and its use prior to and at the time of the accident herein, or that same was suspended over said pool and so used by children as a swing for such a length of time prior to the accident herein, that in the exercise of ordinary care they should have discovered and eliminated the rope swing and dangerous use thereof. Plain-tiffs also claim that the agents, servants and employees of the defendant failed to properly supervise said pool of water or have a life guard in attendance.

The defendant admits that it owns and controls Platt National Park but denies that it maintained the same as a recreational area for the public. The defendant denies all other allegations including notice or knowledge of the existence of said rope swing and pleads contributory negligence of the plaintiffs as parents of the decedent child in failing to maintain proper and adequate supervision and control over her, contributory negligence on the part of said deceased child in failing to stay a safe distance from said rope swing, and that the negligence of a third party, the one using said rope swing, was the sole and only proximate cause of the accident and death of the child of the plaintiffs. Defendant also alleges that swings are prohibited in said Park.

From the evidence the Court finds that plaintiffs' decedent as an invitee of the defendant was injured on July 12, 1963, while wading or swimming in a pool of water in Rock Creek in Platt National Park near Sulphur, Oklahoma, by being struck on the head by a boy swinging over said pool on a rope swing affixed to a limb overhanging the pool; that the plaintiffs' decedent died the next day; that the cause of death was traumatic cerebral hemorrhage resulting from the above incident. Further, the Court finds that the said rope swing was affixed to a limb overhanging the pool of water involved on Monday, July 8, 1963, and remained so affixed that week except that the same was down either Wednesday or Thursday of that week; that while so affixed to the limb, children at the pool would use the rope swing to swing out over the pool of water from a high ledge at the pool; that the rope swing was up Friday morning at nine o'clock A.M. and was up continuously during Friday until the accident here involved occurred about mid-afternoon; that said pool was a natural pool of water about waist deep with a dam of loose rocks being thrown up

to deepen the water, apparently this being done by children using the pool; that during the summer months the pool was frequented by many children during the day and used for bathing, swimming and wading; that the employees of the defendant in charge of the Park had actual knowledge of this use; that no signs were posted at the pool or elsewhere prohibiting such use of the pool of water; that no life guard was stationed at the pool; that the employees of the defendant in charge of the Park did not patrol, supervise or inspect the pool of water but only went to the same when something amiss was reported; that the defendant's employees in charge of the Park visited the camp area adjacent or nearest to said pool of water as many as twenty times per day; that defendant's chief ranger in charge of the Park testified that Park policy prohibited rope swings such as involved herein but nothing was published, printed or posted to this effect as notice to the using public; he also testified that such rope swings when found by Park employees were cut down as they were dangerous and detracted from the beauty of the Park.

■■ From the evidence the Court is unable to find that the plaintiffs, as parents of their deceased minor child, were guilty of negligence by failing to maintain proper and adequate supervision and control over said decedent; rather the Court is of the opinion and finds that the conduct of said plaintiffs under the circumstances here and considering the age, experience and activities of their said minor child was that of reasonably prudent parents. Also the Court from the evidence is unable to find that plaintiff's decedent was herself guilty of negligence contributing to her injury and subsequent death. Rather, the Court is of the opinion and finds that her conduct was reasonably prudent under the circumstances.

■ The Federal Tort Claims Act permits recovery against the Federal Government if any employee while acting within the scope of his employment commits an act or acts of negligence causing personal injury or death or loss of property to others if such act or acts would be actionable negligence under applicable state law if committed by a private person. 28 U.S.C. § 1346(b). The applicable state law in this case is the law of Oklahoma. Under the evidence, we have a situation where the defendant invited the public, which included the plaintiffs' decedent, to its premises known as Platt National Park for recreational purposes. It is noted that the defendant in its answer denies that the Park is maintained as a recreational area for the public. The pertinent sections of the Code, supra, pertaining to this Park do not support this assertion. From the evidence it appears quite clear that in fact the public used the Park for recreational purposes. No admission fee was charged. The plaintiffs' decedent was therefore an invitee of the defendant and not a trespasser.

■ It is the law of Oklahoma that when one is invited into a public park for health or recreation it is the duty of the proprietor of said park to exercise ordinary care to keep the premises in a reasonably safe condition for the benefit of persons lawfully using the same. This rule of law applies even though no admission is charged. See City of Sapulpa v. Young (1931), 147 Okl. 179, 296 P. 418.

■■ A proprietor is not an insurer of the safety of its invitees and is ordinarily not responsible for injuries inflicted upon those invited to the premises by the independent acts of third persons. And such a proprietor would not be liable for dangerous conditions existing in its park unless it created them or had actual knowledge thereof and failed to take proper action to eliminate the same, or unless they were created by others and the proprietor had constructive knowledge of the existence of same on its premises by being in existence on said premises for such a period of time that a reasonably prudent person in the exercise of ordinary care would have discovered and eliminated the same. Champlin Hardware Co. v. Clevinger, 158 Okl. 10, 12 P.2d 683; City of Sapulpa v.

Young, supra, 296 P. at page 438; Scott v. Allied Stores of Ohio, 96 Ohio App. 532, 122 N.E.2d 665; 20 A.L.R.2d 8, at page 24.

Whether or not a dangerous condition has existed for such a length of time that an ordinarily prudent person would have discovered and eliminated the same is a question of fact under the circumstances of a given case. Louie v. Hagstrom's Food Stores, 81 Cal.App.2d 601, 184 P.2d 708; J. J. Newberry Co., Inc. et al. v. Lancaster, (Okl.) 391 P.2d 224.

Thus, since in this case the plaintiffs' decedent was struck and fatally injured by a third party, namely, the boy using the rope swing at the time, a determination must be made whether or not the rope swing and the use being made of same constituted a dangerous condition to the safety of those invited to the Park. To be sure, an inert rope swing in and of itself may not be considered a dangerous instrumentality. But it is the law of Oklahoma that such an innocent object when coupled or joined with actions of a third person may constitute and be then considered a dangerous instrumentality or condition which a proprietor must not allow to exist on its premises in the interest of the safety of its invitees, and liability would attach in event of injury therefrom if the proprietor has actual or constructive notice of such dangerous condition. J. J. Newberry Co. Inc. et al. v. Lancaster, supra.

In this case the agents of the defendant in charge of the Park knew the children were using the pool of water involved for purposes of swimming, wading and bathing; the rope swing was up from Monday until the accident occurred on Friday except for one day, either Wednesday or Thursday, when it was raining; during this period of time children were using the rope swing to swing out over the pool of water; employees of the defendant in charge of the Park acknowledged that such a rope swing was dangerous and they would cut them down when found.

Thus, it would appear reasonable to conclude that a rope swing so situated and so used by a third person when invitees were in the pool of water would constitute a dangerous condition or instrumentality to the safety of such invitees. While there is no evidence that the rope swing in question was known by the Park employees to be up at this specific location or that boys were using the same and swinging out over the pool of water, such activities appear to have been under way since Monday except for one day and had been under way all Friday morning and into the afternoon prior to the accident involved herein.

The question then is whether or not the defendant, by and through its employees in charge of the Park, in the exercise of ordinary care as proprietor of the Park to which plaintiffs' decedent was invited, should have discovered the rope swing coupled with the use thereof which injured the plaintiffs' decedent and should have taken steps to eliminate the same.

It is the belief and conclusion of the Court that under the circumstances above outlined the defendant should have patroled and inspected the pool of water being so used; that such if conducted in a reasonable manner would have revealed the rope swing here involved and its dangerous use by third parties; that such is to charge the defendant with constructive knowledge of a dangerous condition or instrumentality in existence on its premises due to the length of time involved with liability attaching to the defendant for an injury resulting therefrom to its invitees on its premises; that such negligence charged against the defendant was not a mere condition but the same was a proximate cause of the injury to and the death of the plaintiffs' decedent; that such injury and death was not solely caused by the negligent act of the boy using the rope swing at the time.

The plaintiffs' decedent was a normal, alert, obedient child ten years of age; she helped with the housework and also in a place of business owned by the plaintiffs; she contributed services of

value to her parents and reasonably would continue to do so for several years in the future. Also these contributions would exceed the cost of her maintenance to the extent that plaintiffs have suffered a loss by reason of her wrongful death in the amount of $2,500.00. Her funeral and hospital expenses amounted to $640.-00 which the Court finds to be reasonable and necessary as a result of the wrongful acts of the defendant.

Judgment should therefore be entered in favor of the plaintiffs and against the defendant in the sum of $3,140.00. Counsel for plaintiffs will prepare an appropriate judgment based on the foregoing findings and conclusions for the signature of the Court.