FORESTER, APPELLANT, *v.* R.L.M., INC.,
ET AL., APPELLEES.

[Cite as Forester v. R.L.M., Inc. (1978),
60 Ohio App. 2d 342.]

(No. 2777—Decided November 15, 1978.)

*Mr. Don H. Durfee,* for appellant.
*Mr. Ernest E. Hume, Jr.,* for appellees Charles and Carol *Skubovius.*
*Mr. Ray L. Miraldi,* for appellees James and Lillian Voik.

HUNSICKER, J. Geraldine Forester filed a complaint against R.L.M., Inc., the corporate lessee of premises known as Carol's Tavern, James Voik and Lillian Voik, owners of the real property, and Carol Skubovius and her husband, Charles Skubovius. Ms. Forester, a frequent visitor at Carol's Tavern, drove her automobile on January 20, 1975, at about 11:30 p.m., to the parking lot on the west side of the tavern. Upon alighting from the automobile, she took one or two steps and fell to the ground. She suffered a broken arm.

Ms. Forester says her injury was due to the defendant's negligence in failing (1) to provide sufficient light to illuminate the parking area; (2) to fill holes in the gravel surface of the parking area; (3) to remove ice from the hole where she fell and (4) to warn patrons of the existence of ice

patches in the parking area when the defendants knew, or should have known, the ice patch existed.

The operating corporate defendant and the manager, Charles Skubovius, denying certain claims of the plaintiff, state that Ms. Forester placed herself in a situation where certain risks were or should have been obvious and well known to her. They further state that she assumed such risks at the time and place where they were alleged to have been incurred.

The defendant owner, lessors out-of-possession, deny the claims of Ms. Forester and by a cross-complaint against R.L.M., Inc., contend that the lease places full responsibility on the corporate lessee to maintain the parking lot in a safe condition at all times.

A deposition of Ms. Forester (who after a divorce took her former married name of Biggar) was taken, after which a motion for summary judgment was filed on behalf of Mr. and Mrs. Voik. Another motion for summary judgment was filed by R.L.M., Inc., and the Skuboviuses.

The motions for summary judgment were granted whereupon a notice of appeal to this court was duly filed. The only error assigned is that the trial court erred in granting the motions for summary judgment.

The summary judgment in favor of the landlords, Mr. and Mrs. Voik, was properly granted. It has been the rule in Ohio that a landlord out-of-possession is not liable to persons injured by reasons of the acts or failures of the tenant. 33 A Ohio Jurisprudence 2d 370, Landlord and Tenant, Section 458, and authorities there cited; *Pitts* v. *Cincinnati Metropolitan Housing Authority* (1953), 160 Ohio St. 129.

The allegation in the complaint as to Mr. and Mrs. Skubovius is that they were managing the business known as Carol's Tavern which was owned by R.L.M., Inc. Nothing is alleged that Mr. and Mrs. Skubovius, as a part of their duties, were to keep the parking lot free of holes, ice, snow or any other obstacle. Without an obligation on their part, other than to run the business, we believe employees are not liable for the claimed failure of their employer, R.L.M., Inc.

Ms. Forester's deposition and complaint state that she went to the tavern about 11:30 p.m. on January 20, 1975. It was a very cold night. It had not snowed that day but did

snow the day before. She drove her automobile to a darkened part of the parking lot and near an entrance to the tavern building. She was a frequent visitor, who knew the parking lot was gravel covered, and in many places had some holes in its surface. She said some parts were very "holey." She alighted from the automobile, took a step or two toward the building and, she believes, slipped on some ice which caused her to fall and break her arm at the elbow. She also said it was so dark she could not see.

We do not have herein a situation as that which existed in *Perry* v. *Eastgreen Realty Co.* (1978), 53 Ohio St. 2d 51. Ms. Forester knew all of the conditions that existed in this parking lot and at this tavern very well. She knew that at this season (winter) conditions exist in a "holey" parking lot either from loose gravel or ice and, or, snow that are dangerous to one who walks thereon without looking. She knew that at that time of year ice and snow would make walking hazardous, yet, without looking, she walked away from her automobile and fell to the ground.

Although there was not, in this instant case, a sudden accumulation of ice or snow as in *Jeswald* v. *Hutt* (1968), 15 Ohio St. 2d 224, nevertheless, the rule there announced must control in the case before us. As was said in *Jeswald, supra,* at 227:

" 'Darkness' is always a warning of danger, and for one's own protection it may not be disregarded.* * *"

The rule in cases such as we have herein establishes no liability on the part of R.L.M., Inc. or Mr. and Mrs. Skubovius. See, *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, and *Debie* v. *Cochran Pharmacy-Berwick, Inc.* (1967), 11 Ohio St. 2d 38.

We have examined all claims of error and find none prejudicial to the substantial rights of the appellant.

*Judgment affirmed.*

MAHONEY, P. J., and BELL, J., concur.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6 (c), Article IV, Constitution.