George W. HOGUE, Appellant,

v.

A. B. CHANCE COMPANY, a Foreign Corporation, d/b/a Pitman Manufacturing Company, and Utility Equipment Company International, Inc., an Oklahoma Corporation, Appellees.

No. 50251.

Supreme Court of Oklahoma.

Nov. 28, 1978.

Rehearing Denied April 16, 1979.

Jack B. Sellers Law Associates, Inc., Sapulpa, for appellant; Joe A. Moore, Memphis, Tenn., of counsel.

Wm. G. Smith and Edward L. Ray, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellees.

DOOLIN, Justice:

Plaintiff filed this action for damages for personal injuries against A. B. Chance Company and Utility Equipment Company International, Inc., the manufacturer-distributor and seller of the Pitman Hotstik. The Pitman Hotstik is an aerial basket and boom used in lifting workmen, tools and materials into the air for work on high voltage electrical lines. Plaintiff alleged the hotstik was defective in that it was not properly insulated and thus unsafe for use near high voltage electrical lines.

Plaintiff was installing new electrical transmission lines atop utility poles. Although the lines he was installing were not energized, one line on outside portion of the cross-arm away from his work, remained "hot" so that electrical service would not be interrupted. Plaintiff was alone in the basket and had raised it into working position. While lifting the new line, plaintiff found it necessary to adjust the basket in order to reach the insulator. With the new line in his left hand he reached with his right and grasped the basket control handle. He had raised the basket about six inches when the handle became energized and he received a substantial electrical charge. Apparently an uninsulated portion of the boom had come in contact with the single energized line and the charge was grounded through the unenergized wire he was holding. Plaintiff suffered severe injury.

In his petition, plaintiff alleged negligence, strict liability and breach of warranty. Defendants answered and filed motions for summary judgment under Rule 13, 12 O.S.1978 Supp. Ch. 2, App. based on depositions and answers to interrogatories. The trial court sustained defendants' motions finding:

"The uncontroverted facts show that the proximate cause of the accident was the acts of the plaintiff voluntarily and knowingly failing to use the protective equipment and safeguards which were furnished and required by his employer with plaintiff's knowledge that the subject aerial platform unit could not insulate him from outside grounding sources, which action by the plaintiff was voluntary assumption of a known risk and an abnormal unintended use of the subject product."

This finding of the trial court was based on deposition testimony of plaintiff that had he been wearing protective equipment he would not have been injured. On appeal plaintiff submits trial court erred in considering only that portion of his deposition and ignoring his other testimony that protective equipment was not required if he was not working with energized lines and if no part of his body would be in contact with energized lines.

Plaintiff further denies he assumed any risk of a known defect. To the contrary he stated several times he assumed the boom and basket were insulated against such an occurrence. He submits he had a right to assume the hotstik was designed and manufactured so as to preclude the possibility an electrical charge could be transmitted through the boom into the control handle. With this testimony presented to the trial court, plaintiff submits it made its decision by improperly deciding issues of material fact on summary judgment, thus invading the province of the jury.

Rule 13, 12 O.S.1978 Supp. Ch. 2, App. provides a court may consider depositions, admissions, answers to interrogatories and affidavits and then render judgment, "if it appears that there is no substantial controversy as to any material fact and that any party is entitled to judgment as a matter of law."[1] The trial court found as a matter of law the accident was not caused by any defect in the hotstik and defendants had a complete defense in that plaintiff had voluntarily assumed a known risk when he did not wear protective gloves.

We do not agree with the trial court and accordingly reverse. The motions for summary judgment should have been denied. Depositions reveal controverted issues of fact that must be submitted to the jury. Reasonable men in the exercise of fair and impartial judgment could certainly reach different conclusions upon consideration of the material filed by defendants in support of their motion for summary judgment.[2] Before a court may properly grant such a motion it must clearly appear movant is entitled to judgment as a matter of

---

1. Plaintiff filed no counter affidavits to defendants' motion. This is not necessary under this rule.

2. *Runyon v. Reid,* 510 P.2d 943, 58 A.L.R.3d 814 (Okl.1973).

law viewing supporting material in the light most favorable to his opponent.[3]

In *Kirkland v. General Motors Corporation, 521 P.2d 1353 (Okl.1974)* we held in an action based on manufacturers' products liability, common law defenses such as contributory negligence and assumption of the risk are not applicable. The equivalent defense must be narrowly defined as *voluntary assumption of the risk of a known defect*.[4] Under this decision there must be a showing the plaintiff *knew of a defect* unreasonably dangerous in nature, yet voluntarily used the product. Only then is he precluded from recovery under this defense.[5]

■ In this case defendants place great emphasis on the fact plaintiff stated he was not using insulated gloves and if he had, the injuries would not have occurred. This defense sounds in contributory negligence. It is not a relevant consideration in the manufacturers' products liability action unless there is a showing plaintiff knew the boom was not insulated and that he would be exposed to possible electrocution through the handle if he did not wear the gloves. His deposition indicates otherwise. He testified he was told to wear gloves only when working with energized lines. He was not working with energized lines. The only thing that touched the energized line was the boom. He further testified he believed basket was fully insulated and did not realize it could become hot through the handle.

Colorado has recently considered a products liability case involving a lineman also electrocuted while working with the "Pitman Hotstik". In *Good v. A. B. Chance Company, 565 P.2d 217 (Colo.App.1977)* the trial court, through a motion in limine, excluded evidence lineman failed to use protective gloves and line covers. The Colorado Court affirmed, holding this evidence related to lineman's negligence and thus was properly excluded in a manufacturers' products liability suit. The opinion cited Restatement (Second) of Torts[6] relating to this specific defense, and focusing on the subjective knowledge of the injured party. The court further stated absent evidence of the lineman's knowledge of the specific defect and the danger it posed, defendants' evidence in support of that defense would support conjectural inferences only, thus evidence was properly excluded.

Whether defect existed that *caused* accident also remains a question of fact to be determined by the jury. The actual cause of his injuries was the electrical shock. Whether non-insulation of certain parts of the hotstik was a defect for which defendants may be held liable is a question of fact that must be tried.

Considering the supporting material in the light most favorable to plaintiff, we are convinced the trial court was correct in sustaining defendants' motions for summary judgment as to actions based on negligence and breach of warranty. Plaintiff has offered no material to the contrary. The only action remaining is one in manufacturers' products liability.

---

3. See *Stuckey v. Young Exploration Company*, 586 P.2d 726 (Okl.1978); *Northrip v. Montgomery Ward & Co.*, 529 P.2d 489 (Okl.1974); *Smith v. American Flyers, Inc.*, 540 P.2d 1212 (Okl.App.1975).

4. *Kirkland v. General Motors*, 521 P.2d 1353, 1366 (Okl.1974).

5. See generally 72 C.J.S. Supp. Products Liability § 46.

6. Restatement (Second) of Torts § 402a comment 'n' states:
   "n. Contributory negligence. Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases applies. Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. On the other hand the form of contributory negligence which consists in voluntarily and unreasonably proceeding to encounter a known danger, and commonly passes under the name of assumption of risk, is a defense under this Section as in other cases of strict liability. If the user or consumer discovers the defect and is aware of the danger, and nevertheless proceeds unreasonably to make use of the product and is injured by it, he is barred from recovery."

REVERSED AND REMANDED FOR NEW TRIAL BASED ON THEORY OF MANUFACTURERS' PRODUCTS LIABILITY.

HODGES, C. J., and LAVENDER, V. C. J., and WILLIAMS, IRWIN, BARNES, SIMMS and HARGRAVE, JJ., concur.