## Dudziak-Martinez v. Beaver Park
### Case No. 89CA004545
### Lorian County, (9th)
### Decided February 14, 1990
[Cite as 1 AOA 357]

John D. Liber and Peter J. Brodhead, Attorneys at Law, 1500 Nat'l. City Bank Bldg., Cleveland, OH 44114.

Alan W. Anderson, Attorney at Law, 154 Park Ave., Amherst, OH 44001. Quentin J. Nolan, Attorney at Law, 1720 Cooper Foster Park, Rd., Lorain, OH 44053.

Jerome J. Savoy, Attorney at Law, 230 Third St., Elyria, OH 44035. Thomas J. Escovar, Attorney at Law, The Illuminating Bldg., 18th Floor, 55 Public Square, Cleveland, OH 44113.

CACIOPPO, P. J.

David Martinez, Jr., was killed when a train struck the van in which he was a passenger. Douglas Barretto, the van operator, and Richard Barretto were injured as a result of the collision.

Each of the aforementioned parties filed a separate cause of action. The trial court considered the cases. Several claims and named defendants, including the railroad company, were dismissed. The remaining defendants filed a motion for summary judgment, which the trial court granted.

In the journal entry, the trial court stated that no genuine issue as to any material fact remained, and the defendants were entitled to judgment as a matter of law. Authority cited was three recent Supreme Court of Ohio decisions. The trial court also stated that case was closed as all other claims had been voluntarily dismissed.

Each of the three injured parties appeals. This court consolidates those appeals. Each appeal assigned as error that the trial court erred in granting the motion for summary judgment.

The parties allege certain facts which are not in dispute. In 1881, a property was deeded to a railroad company for the purpose of constructing and operating a railway. Language in the conveyance instrument required the railroad to construct farm crossings as a means of ingress and egress to land located between the railroad property and Lake Erie. Appellees (Beaver Park) are or were successors in ownership to some of this "land locked" property. Beaver Park commercially developed this property. Business invitees to the commercial activities for which Beaver Park was the proprietor were required to cross the railroad property at a private grade crossing which the railroad originally installed as one of

the farm crossings. The van-train collision, which is the incident giving rise to this appeal, occurred at this private crossing.

Appellants assert that Beaver Park failed to use ordinary care to keep business premises reasonably safe for invitees and failed to warn of dangers that dangers that Beaver Park knew were present. To support this assertion, appellants argue that Beaver Park owes a duty to business invitees to make safe, the ingress and egress to Beaver Park properly. Appellants further argue that because this legal duty was identified, breach of that duty is an issue for the trier of fact, and summary judgment is not proper. If this court is to hold as appellants argue, premises liability in Ohio must extend beyond the current basis for liability, possession or control, to a basis analogous to strict liability, liability without a showing of fault.

A business proprietor "owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal* v. *Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203. "Whether the duty of ordinary care, which the occupier of premises owes to one of his business invitees, requires such occupier to prevent, remove, or warn against a particular hazard, will necessarily depend on factors such as the potential hazard involved, the opportunity which such an invitee apparently would or would not have to avoid that potential hazard by the exercise of ordinary care, and the practicability of preventing, removing, or warning against such dangers." *Anaple* v. *Standard Oil Co.* (1955), 162 Ohio St. 537, 541-542. "The duty to keep premises safe for invitees extends to all of the operations of the premises which are included within the invitation and which it is necessary or convenient for the invitee to visit or use in the course of business for which the invitation was extended or at which his presence should therefore reasonably be anticipated or to which he is allowed to go. " *Cochran* v. *Dowd Oldsmobile, Inc.* (1962), 91 Ohio Law Abs. 247, 254. "* * * [A]n owner and occupier of land breaches his duty to invitees who are injured by the negligent acts of third persons, where such owner and occupier fails to exercise reasonable care to discover that such negligent acts of third persons are being done or are likely to be done and fails to give a warning adequate to enable such invitees to avoid harm, or fails to act to protect such invitees against such negligent acts

of third parties." *Holdshoe* v. *Whinery* (1968), 14 Ohio, St. 2d 134, paragraph four of the syllabus; but, see, *Scott* v. *Allied Stores of Ohio, Inc.* (1953), 96 Ohio App. 532 (The proprietor is not liable for negligent acts of third persons not under the proprietor's control, which the proprietor could not reasonably have anticipated and guarded against.) However, "[a]n occupier of premises is under no duty to protect a business invitee against dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them. *Sidle* v. *Humphrey* (1968), 13 Ohio St. 2d 45, paragraph one of the syllabus. See, also, *Paschal* v. *Rite Aid Pharmacy, Inc.*, *supra*; *Tyrrell* v. *Investment Assoc., Inc.* (1984), 16 Ohio App. 3d 47; *Forester* v. *R.L.M.., Inc.* (1978), 60 Ohio App. 2d 342; *Stradtner* v. *Cincinnati Reds, Inc.* (1972), 39 Ohio App. 2d 199; and *Potts* v. *Smith Construction Co.* (1970), 23 App. 2d 144.

Under the circumstances of the case *sub judice*, Beaver Park's business invitees are not placed in danger because those invitees are required to cross the railroad property. The danger arises only when a business invitee, and a train rightfully using the railroad property, simultaneously cross. Beaver Park cannot stop the railroad from rightfully using railroad property nor anticipate any negligent act attributable to the railroad. Beaver Park cannot make the grade crossing safe for business invitees who choose to cross when the railroad is rightfully using their property.

Appellants introduced before the trial court, evidence that a vehicle and a train simultaneously crossing posed a dangerous condition at the grade crossing. Included in this evidence were newspaper articles which dubbed the crossing, "killer crossing". The van operator testified at deposition that the crossing's reputation was generally know. The operator also testified concerning the injured parties' personal knowledge of the crossing, and the resulting precautions.

In argument before this court, appellants continue to assert the "killer crossing" facts. Appellants inform the court that the record is replete with evidence of prior fatalities occurring at this crossing. Appellants argue that because Beaver Park was aware of the danger, Beaver Park installed flashing lights which warned of the crossing. That argument actually does not support appellants' cause.

Construing the evidence most strongly in

favor of the appellants, we cannot say that the trial court erred in granting summary judgment. The evidence establishes that the railroad crossing was so obvious to these appellants that they should reasonably be expected to discover the danger and protect themselves from colliding with a train.

The consolidated assignments of error are overruled.

The judgment is affirmed.

The Court finds that there were reasonable grounds for these appeals.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

QUILLIN, J., Concurs in Judgment only saying:

I agree with the dissent that, under appropriate circumstances, a business may have a duty to eliminate hazards, or if it cannot eliminate them, warn its invitees of those hazards even if those hazards are not on the business premises.

In the present case, there is no credible claim that the defendants had the power to eliminate the hazard. The defendants' duty, at most, was to warn of hazards which were not so obvious that an invitee would reasonably be expected to discover and protect against.

It is undisputed that there was an obvious railroad crossing. In fact, the driver of the van stopped the van well short of the tracks, looked, listened, and then drove into the path of the train.

Based on the undisputed facts in this case, reasonable minds could come to but one conclusion. The defendants did not violate any duty they owed to the plaintiffs.

While I cannot join in the lead opinion, I can join in the judgment.

BAIRD, J., Dissents saying:

Though the trial court did not specify the basis for its action, it appears most likely that summary judgment was granted because of a perception that the defendants owe no duty to an invitee with respect to a condition which was not located on property over which the defendants had control.

That is not a premise with which I can agree. The defendants operated a tavern, a business to which the general public was invited. The only way to get to that establishment was over the tracks in question, which because of the condition and contour of the land and configuration of the tracks, may have presented a substantially greater danger than one would or should expect at a grade crossing, in that it is very difficult to see a train approaching. Though a warning light had been erected, it appears that its existence served only as a warning of the obvious; i.e., that there were railroad tracks there. There was no warning either of an actually approaching train, or of the fact that an approaching train could not readily be seen.

It may be true that defendants were not in a position to correct the problem by reason of its existence on land not owned or controlled by the defendants. It should not follow, however, that that also relieves the defendants of a duty to warn those people who respond to the defendants' invitation that their doing so subjects them to a danger significantly greater than may be apparent.

It seems clear in Ohio that the duty of a proprietor to his business invitee includes providing a reasonably safe means of ingress and egress. *Tyrell* v. *Investment Associates* (1984), 16 Ohio App. 3d 47. What is not so clear is whether the duty extends to property not controlled by the proprietor and to conditions not created by the proprietor. Under the facts of the case at bar, it is submitted that it should.

"The duty of the defendant to furnish a safe entrance and exit is not, under all circumstances, to be determined by the exact boundaries of the premises. . . Otherwise, it could be held to have discharged its duty if it delivered the invitee through the open door and over and into a precipice immediately outside the door. This is unthinkable." *Cannon* v. *S.S. Kresge Co.* (1938), 233 MO App. 173, ___, 116 S W 2d 559, 570.

Where there is but one way in and out of a business premises, is the duty of a proprietor to illuminate, give adequate warning of or repair a known, dangerous condition, and that duty extends beyond naked and precise boundary lines. *Cooley* v. *Makse* (1964), 46 ILL. App. 2d 25, 196 N.E. 2d 396.

Thus, it is submitted that the defendants

had a duty to warn plaintiffs about the condition of the only link between its premises and the outside world. Since reasonable minds could differ as to whether that duty had been discharged, I believe that summary judgment was improperly granted and the same should be reversed by this court.