UNITED STATES COURT OF APPEALS

Filed 6/26/96

FOR THE TENTH CIRCUIT

WILLIAM C. ALLEMAN,

      Plaintiff-Appellant,

v.

DELTA INTERNATIONAL
MACHINERY CORPORATION,

      Defendant-Appellee.

No.  95-6299
(D.C. No. CV-94-1725)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL, BARRETT, and HENRY, Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral argument.

See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted

without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff William C. Alleman appeals from a jury verdict in favor of defendant Delta International Machinery Corporation in a product liability suit. Plaintiff's claims arose from an accident in which he was injured when the blade of a motorized miter saw, manufactured by defendant, fell, amputating the thumb and three fingers of his hand. In his complaint, plaintiff alleged liability based on defendant's failure to incorporate a guard, failure to warn, and because a return spring which kept the arm of the saw and the blade raised out of the work area until the operator lowered it, was metallurgically defective. Plaintiff's first two claims were abandoned at trial, and thus, only his claim regarding the defect in the spring was sent to the jury.

The facts surrounding the accident were not in dispute. When the accident occurred, plaintiff was attempting to remove a piece of scrap which was blocking the movement of the blade of the miter saw he was using in his workplace. He had his hand on the trigger, and the saw was running when he reached to clear the blockage. When he let go of the handle, the arm of the saw fell causing the blade to cut his hand. There was some dispute, however, as to the visible condition of the saw when plaintiff began using it. Both plaintiff and his father, who worked with him, noticed that the saw "was sagging an inch or so." Appellant's Br. at 6. Plaintiff's employer testified that the saw "was sagging almost to the work table." Id.

At trial, plaintiff presented evidence from an expert metallurgist that the spring which held the arm of the saw up was broken due to a defect which existed when the saw was

2

manufactured. Although defendant agreed that the spring had a "flaw," it denied that the flaw rendered the saw unsafe or dangerous beyond the contemplation of the ordinary user.

Defendant asserted the affirmative defense of assumption of the risk, alleging that plaintiff, knowing the saw was in a defective condition, purposely placed his hand beneath the moving blade and failed to use the blade brake. Plaintiff moved for a directed verdict on the assumption of the risk defense, alleging that defendant failed to prove that the saw was defective. The district court denied the motion, finding that there was sufficient proof from plaintiff that the saw was defective to meet that element of the defense. On appeal, plaintiff contends that the district court erred in (1) denying his motion for a directed verdict, and (2) instructing the jury on the assumption of the risk defense.

We review the denial of a motion for a directed verdict de novo. FDIC v. United Pac. Ins. Co., 20 F.3d 1070, 1079 (10th Cir. 1994). "Under this standard, 'we may find error in the denial of such a motion only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion; we must construe the evidence and inferences most favorably to the nonmoving party.'" Id. (quoting Ralston Dev. Corp. v. United States, 937 F.2d 510, 512 (10th Cir 1991)(citation omitted)).

In a diversity case, we apply the law of the forum state. See Holt v. Deere & Co., 24 F.3d 1289, 1291 (10th Cir. 1994). Under Oklahoma law, in order to establish an assumption of the risk defense, the defendant must prove that plaintiff had "'[s]ubjective awareness of the defect and consequent risk of injury.'" Id. at 1292 (quoting McMurray v. Deere & Co.,

3

858 F.2d 1436, 1440 (10th Cir. 1988)).  We conclude that the district court's denial of a directed verdict was correct, and the jury was properly instructed on assumption of the risk under Oklahoma law.

First, plaintiff argues that defendant cannot assert that the saw was not defective, and also assert, in the alternative, that if the saw was defective, plaintiff knew of the defect and voluntarily assumed the risk.  We do not agree.  We have previously held that Oklahoma law allows alternative assertions in product liability cases.  See id. at 1296 n.5.

Next, plaintiff asserts that defendant presented no evidence to prove that plaintiff knew of the defect and appreciated the danger.  In Barber v. General Electric Co., 648 F.2d 1272, 1277 (10th Cir. 1981), this court interpreted Oklahoma law as stated in Kirkland v. General Motors Corp., 521 P.2d 1353 (Okla. 1974) and Hogue v. A.B. Chance Co., 592 P.2d 973 (Okla. 1978) to mean that in order to successfully assert an assumption of the risk defense in a products liability case, the defendant must present sufficient evidence from which a jury could find that the plaintiff knew of a defect and assumed a known risk.  See also Bingham v. Hollingsworth Mfg. Co., 695 F.2d 445, 450 (10th Cir. 1982).

In Holt, this court, applying Oklahoma law, discussed how specifically a plaintiff must understand a defect in order to assume the risk.  24 F.3d at 1292-94.  We held that "a plaintiff can 'assume the risk of a known defect' without specific, technical knowledge of the cause of the product's dangerous, defective condition."  Id. at 1293.  We limited the holding by reiterating that general knowledge of the danger does not establish an assumption of the risk,

4

and stating that the holding does not relieve the defendant of the burden of proving "that the plaintiff was subjectively aware of and appreciated the specific dangers in using the specific product in the specific manner he was using it when the accident occurred." Id.

Here, we believe that defendant met its burden of proof under Holt. It is clear that plaintiff was aware that the saw was sagging, regardless of the degree of sagging observed. It also is clear that, being aware that the saw was sagging, plaintiff proceeded to place his hand beneath the moving blade and release the handle. Although common sense would dictate that plaintiff's actions were careless, mere carelessness does not bar a plaintiff's recovery under the assumption of the risk doctrine. Id. (citing Fields v. Volkswagen of Am., Inc., 555 P.2d 48, 56-57 (Okla. 1976)). Joining plaintiff's careless use of the saw with his admitted awareness of the defective condition of the saw, however, provides sufficient evidence from which a jury could determine that he voluntarily assumed the risk of a known defect. See id. at 1294.

When deciding a motion for a directed verdict, the trial court must give credence to all evidence and inferences favorable to the party against whom the verdict would be directed and must disregard conflicting evidence favorable to the moving party. Bingham, 695 F.2d at 450. Our review of the record indicates that evidence of assumption of the risk in this case was not so patently in favor of plaintiff that a directed verdict on the issue would have been proper.

Finally, plaintiff, relying on McMurray, argues that there was insufficient evidence that plaintiff had knowledge of the specific defect to justify submitting the instruction on assumption of the risk to the jury. "The question of whether a jury was properly instructed is a question of law, and thus, our review is de novo." United States v. Lee, 54 F.3d 1534, 1536 (10th Cir.), cert. denied, 116 S. Ct. 247 (1995). The court's grant or denial of a jury instruction is a procedural matter governed by federal law. Holt, 24 F.3d at 1292. Pursuant to federal law, it is error to submit an instruction when there is no evidence to support it. Farrell v. Klein Tools, Inc., 866 F.2d 1294, 1297 (10th Cir. 1989).

In McMurray, a tractor bypass started in gear, running over and killing the plaintiff. The defendant asserted an assumption of the risk defense which the court submitted to the jury. The jury found in favor of the defendant. On appeal, we reversed and remanded for a new trial, holding that the defendant failed to present sufficient proof on its assumption of the risk defense to submit the defense instruction to the jury. 858 F.2d at 1441.

Defendant argues that McMurray is factually distinguishable in that the plaintiff in McMurray was killed, and therefore the jury heard no testimony from him regarding his knowledge of the defect. Defendant asserts that this court's interpretation of state law in Holt is more applicable here. We agree.

In Holt, a case factually similar to McMurray, the plaintiff was severely injured when a road grader started in gear. The jury found in favor of the defendant. On appeal, we determined that although a defendant must prove that the plaintiff had "[s]ubjective

6

awareness of the defect and consequent risk of injury," McMurray, 858 F.2d at 1440, it need not prove that the plaintiff had "specific, technical knowledge of the cause of the product's dangerous, defective condition." Holt, 24 F.3d at 1293. Therefore, the defendant did not need to prove that the plaintiff knew that the starting circuitry designed to prevent the grader from starting in gear was defective. We concluded that the plaintiff's careless operation of the grader, knowing that the grader started in gear, was sufficient proof to bar his recovery under an assumption of the risk doctrine, and the question should be submitted to the jury. Id. at 1293-94.

Applying Holt here, defendant did not need to prove that plaintiff had knowledge of the specific mechanical defect, the flawed spring, which caused the saw to sag. There was evidence that plaintiff was aware of the defective condition of the saw, and that he not only continued to use the saw, but used it in what could best be described as a careless manner. Consequently, under the circumstances, we determine that there was sufficient evidence to support the instruction to the jury on assumption of the risk.

In conclusion, we find no error in the trial court's refusal to direct a verdict on the

7

defense of assumption of the risk or in the court's instructions to the jury on the defense. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge